**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 25-CR-244 (SLS)** |
| | : | |
| **SYDNEY LORI REID,** | : | |
| | : | |
| **Defendant.** | : | |

**PARTIES' PROPOSED *VOIR DIRE* QUESTIONS**

**I.      *Voir Dire* Questions Agreed Upon by Parties**

1.      Do you have any difficulty with hearing, seeing, understanding the English language or anything else that could impair your ability to sit as a juror and devote your full attention to this trial?

2.      Please take a look around the room.  Do you recognize or think that you might know any other member of the jury panel or any other person that you saw in the courtroom, including the Judge or courtroom staff?

3.      Have you ever studied law or had any legal training, including paralegal training?

4.      Are any of your relatives or close friends lawyers or had legal training?

5.      Have you, or one of your close friends or relatives, worked for, or applied for a job with, any prosecutor's office or law enforcement?  Prosecutor's offices include a United States Attorney, attorney general's office, state's attorney, or district attorney's office. By "law enforcement," this question means government agencies like the Immigration and Customs Enforcement Agency (ICE), the Department of Homeland Security, state and local police and fire departments; the Metropolitan Police Department; the Federal Bureau of Investigation, also known as the FBI; the Department of Justice; the U.S. Marshal's Service; the Bureau of Alcohol, Tobacco,

Firearms, and Explosives, also known as the ATF; the Internal Revenue Service; the U.S. Secret Service; and the CIA.

6.      Have you, or any of your family, close friends, or household members, ever worked at a courthouse or for a court system, including as a probation or parole officer?

7.      Do you, or any of your family, close friends, or household members, have a pending application for employment with the United States Attorney's Office; a public defender service; a law firm that does criminal defense work; with any local, state, or federal law enforcement agency, as defined above; or with any courthouse or court system as defined above

8.      Have you ever served on a Grand Jury?

9.      Have you ever served on a trial jury, either in a civil or a criminal case?

10.     The Government may call the following witnesses during the trial.  The Defense may also do so, but is not required to call witnesses.  Each party has introduced a list of names of witnesses that you may hear from, or hear about, during the trial.   Not all of these witnesses will necessarily testify, but they are being introduced to determine whether any of you recognize or think that you may know any of the potential witnesses in this case. Do you recognize or think that you may know any of these witnesses? (READ LISTS)

11.     There will be testimony from law enforcement personnel in this case.  Would the fact that a witness is a police officer or law enforcement agent have any effect at all on whether or not you believe that person's testimony?  In other words, would the fact that a witness is a police officer or law enforcement agent make you either more or less likely to believe his or her testimony?

12.     Have you, any members of your family, or close friends ever been associated with a community group involved with law enforcement matters? By this I mean such groups as Neighborhood Watch, Crime Stoppers, Orange Hats, or any other organization?

13.     Have any of you ever participated in any type of anti-crime activity, or victims' rights organization (e.g. neighborhood watch), or made financial contributions to such organizations?

14.     Have any of you ever participated in any type of organization or program that advances the interest of law enforcement officers or their families or provided financial contributions to such efforts?

15.     The defendant has entered a plea of not guilty and denied criminal involvement concerning the charge. Do you believe that simply because a charge is prosecuted by the United States Attorney's Office, the charge is probably correct and the defendant is probably guilty?

16.     A defendant need not produce any evidence whatsoever to prove her innocence. The burden is on the government to prove a defendant guilty beyond a reasonable doubt. The burden never shifts through trial. If you find the government has failed to prove beyond a reasonable doubt any element of an offense with which the defendant is charged, it is your duty to find the defendant not guilty of that offense. On the other hand, if you find that the government has proven beyond a reasonable doubt every element of an offense with which the defendant is charged, it is your duty to find her guilty of that offense. Will you have difficulty accepting or applying these rules of law?

17.     Do you take medication or have a medical problem that might cause drowsiness or make it difficult for you to remain alert during these proceedings?

18.     Do you have any religious, moral, philosophical or other beliefs and opinions that would prevent you from sitting in judgment of another person?

19.     This case is scheduled to take approximately one week; do you have any reasons why you could not sit fairly, attentively, and impartially in this case? Do you have a scheduling conflict or personal hardship that would make it difficult to sit as a juror in this case?

20.     Is there any reason that I have not mentioned as to why you cannot serve as a juror and render a fair and impartial verdict based upon the evidence you hear and the law as I instruct you?

II.    ***Voir Dire* Questions Upon Which the Parties Disagree**

1.    How long have you lived in the District of Columbia?

   a.    **The Defendant objects to this instruction, as this question can be asked during individual *voir dire*, if so desired.**

2.    In this case, the defendant, Sydney Reid, is charged with forcibly resisting, impeding, or interfering with an officer or employee of the United States - Special Agent Eugenia Bates and Officer Vincent Liang – while such person was engaged in and on account of the performance of official duties. Are you familiar with this case? Do you know Sydney Reid, Special Agent Eugenia Bates, or Officer Vincent Liang?

   a.    **The Defendant objects based on this information being previously stated in the Statement of Facts.**

3.    Have you, any member of your family, or any close friend ever been employed by or worked in any capacity in law enforcement? If so, what is the nature of your relationship with this individual? Has this individual ever been disciplined or terminated from a position of employment by the law enforcement agency? Is there anything about your relationship with that person that might make it difficult for you to be a fair and impartial juror in this case?

   a.    **The Defendant objects to this instruction as cumulative.**

4.    Have you, any member of your family, or any close friend ever been employed by or worked in any capacity in law enforcement? If so, what is the nature of your relationship with this individual? Has this individual ever been disciplined or terminated from a position of employment by the law enforcement agency? Is there anything about your relationship with that person that might make it difficult for you to be a fair and impartial juror in this case?

      a. **The Defendant objects to this instruction as cumulative.**

5.      Have you, any member of your family, or any close friend, ever been arrested by a law enforcement or police officer, or stopped and questioned by a law enforcement or police officer other than for a routine traffic violation? If so, what were the circumstances? Do you feel you were [he or she was] treated fairly? Would that experience make it in any way difficult for you to be a fair and impartial juror in this case?

      a. **The Defendant objects to this instruction as cumulative.**

6.      Have you, any member of your family, or any close friend ever been the subject of a criminal investigation, accused of criminal conduct, or arrested or prosecuted for a crime? If so, what were the circumstances and the final outcome? Would that experience make it in any way difficult for you to be a fair and impartial juror in this case?

      a. **The Defendant objects to this instruction as cumulative.**

7.      Have you, any member of your family, or any close friend, ever been arrested for immigration violations? If so, what were the circumstances?

      a. **The Defendant objects to this instruction.**

8.      Do you have strong feelings about immigration enforcement?

      a. **The Defendant objects to this instruction.**

9.      Have you, any member of your family, or any close friend ever filed a complaint or a lawsuit against a law enforcement or police officer? If so, what were the circumstances?

      a. **The Defendant objects to this instruction.**

10.      This case was investigated by Immigration and Customs Enforcement and the Federal Bureau of Investigation. Do you have strong feelings about the Immigration and Customs

Enforcement or the Federal Bureau of Investigation that it would be difficult for you to be a fair juror in the case?

    a. **The Defendant objects to this instruction.**

11.    Would you consider the testimony of a law enforcement witness to be either more or less credible than the testimony of a witness who was not a member of law enforcement?

    a. **The Defendant objects to this instruction as cumulative.**

12.    Do you think that law enforcement or the criminal justice system is not fair?

    a. **The Defendant objects to this instruction.**

13.    Do you have any strong feelings about the added law enforcement presence in the District of Columbia these last couple of months that would make it difficult for you to be a fair and impartial juror in this case?

    a. **The Defendant objects to this instruction.**

14.    The government is represented by Assistant U.S. Attorneys Travis Wolf and Jason Facci. Does any member of the jury panel recognize Mr. Wolf or Mr. Facci? If so, is there anything about Mr. Wolf or Mr. Wolf or the United States Attorney's Office for the District of Columbia that would prevent you from being fair and impartial in this case?

    a. **The Defendant objects to the second sentence of this instruction.**

15.    Have you previously served on a grand jury or a trial jury? Is there anything about that experience that would affect your ability to sit fairly and impartially in this case?

    a. **The Defendant objects to the second sentence of this instruction.**

16.    Will you follow the Court's instructions regarding how the law is to be applied even if they conflict with any personal feelings that you may hold with respect to a particular issue?

    a. **The Defendant objects to this instruction because this question is covered by other *voir dire* questions.**

17.    If you are selected as a juror and hear this case, you will be required to deliberate with 11 other jurors. This will require you to discuss the evidence and the law in this case with the 11 other jurors. Is there anything that leads you to believe that you might be unable or unwilling to engage in such discussion with others?

    a. **The Defendant objects to this question for its suggestion of jurors' unwillingness to deliberate.**

18.    Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

    a. **The Defendant objects to this question as cumulative.**

19.    Do you feel that you would tend to go along with the majority of jurors, even if you did not agree, just because you were in the minority?

    a. **The Defendant objects to this question as cumulative.**

20.    Would you for any reason hesitate to enforce the laws involved in this case?

    a. **The Defendant objects to this question as cumulative.**

III.    *Voir Dire* **Questions Proposed by the Defense**

The Defense submits all of these questions separately for the Court to pose to the jury panel.  The Defense believes that these questions addresses all of the parties' concerns for *voir dire*.  The Defense is including this comprehensive list because its objections are primarily that the government's proposed voir dire questions are repetitive and can efficiently be asked in the Defense's questions.  The form and order of the questions largely track Judge Contreras' standard voir dire questions.

1.  Do you believe you may know anything about the facts and circumstances of this case, other than what the Judge has told you today?

   a.  **The Government does not object to this instruction.**

2.  The defendant in this case is Sydney Reid.  Do you recognize or think that you might know Ms. Reid?

   a.  **The Government does not object to this instruction.**

3.  Do you have any difficulty with hearing, seeing, understanding the English language or anything else that could impair your ability to sit as a juror and devote your full attention to this trial?

   a.  **The Government does not object to this instruction.**

4.  The case involves charges of resisting, impeding, or interfering with officers of the United States. Ms. Reid is accused of assaulting officers employed with the FBI and Immigration and Customs Enforcement who were arresting individuals subject to deportation proceedings.  Is there anything about the charges or circumstances of this case that might make it difficult for you to be a fair and impartial juror?

    a.  **The Government objects to this instruction because the Defendant is not accused of "assaulting" officers. The Defendant is charged with resisting, impeding, or interfering with officers of the United States.**

5.  The government is represented by Assistant U.S. Attorneys Travis Wolf and Jason Facci. Does any member of the jury panel recognize Mr. Wolf or Mr. Facci or think you know them?

    a.  **The Government does not object to this instruction.**

6.  The defendant is represented by Eugene Ohm and Tezira Abe. Does any member of the jury panel recognize Mr. Ohm or Ms. Abe or the Federal Public Defender or think you know them?

    a.  **The Government does not object to this instruction.**

7.  The Government may call the following witnesses during the trial.  The Defense may also do so, but is not required to call witnesses.  Each party has introduced a list of names of witnesses that you may hear from, or hear about, during the trial.   Not all of these witnesses will necessarily testify, but they are being introduced to determine whether any of you recognize or think that you may know any of the potential witnesses in this case. Do you recognize or think that you may know any of these witnesses? (READ LISTS)

    a.  **The Government does not object to this instruction.**

8.  Please take a look around the room.  Do you recognize or think that you might know any other member of the jury panel or any other person that you saw in the courtroom, including the Judge or courtroom staff?

    a.  **The Government does not object to this instruction.**

9.  Have you ever studied law or had any legal training, including paralegal training?'

    a.  **The Government does not object to this instruction.**

10. Are any of your relatives or close friends lawyers or had legal training?

a.  **The Government does not object to this instruction.**

11. Have you, or one of your close friends or relatives, worked for, or applied for a job with, any prosecutor's office or law enforcement?  Prosecutor's offices include a United States Attorney, attorney general's office, state's attorney, or district attorney's office? By "law enforcement," this question means government agencies like the Immigration and Customs Enforcement Agency (ICE), the Department of Homeland Security, state and local police and fire departments; the Metropolitan Police Department; the Federal Bureau of Investigation, also known as the FBI; the Department of Justice; the U.S. Marshal's Service; the Bureau of Alcohol, Tobacco, Firearms, and Explosives, also known as the ATF; the Internal Revenue Service; the U.S. Secret Service; and the CIA.

a.  **The Government does not object to this instruction.**

13. Have you, or one of your close friends or relatives, worked for, or applied for a job with, the Public Defender Service, the Federal Defender, or a criminal defense attorney?

a.  **The Government does not object to this instruction.**

14. Have you, or any of your family, close friends, or household members, ever worked at a courthouse or for a court system, including as a probation or parole officer?

a.  **The Government does not object to this instruction.**

15. Do you, or any of your family, close friends, or household members, have a pending application for employment with the United States Attorney's Office; a public defender service; a law firm that does criminal defense work; with any local, state, or federal law enforcement agency, as defined above; or with any courthouse or court system as defined above?

a.  **The Government does not object to this instruction.**

16. Have you ever served on a Grand Jury?

      a.   **The Government objects to this instruction to the extent it does not inquire whether that experience would affect the juror's ability to be fair and impartial**

17. Have you ever served on a trial jury, either in a civil or a criminal case?

      a.   **The Government does not object to this instruction.**

18. Have you, any member of your family, or any close friend ever had any negative experiences with law enforcement? Or a defense investigator? If so, has that experience caused you any feelings regarding law enforcement or defense investigators that might make it difficult for you to be a fair and impartial juror in this case?

      a.   **The Government does not object to this instruction.**

19. There will be testimony from law enforcement personnel in this case. Would the fact that a witness is a police officer or law enforcement agent have any effect at all on whether or not you believe that person's testimony? In other words, would the fact that a witness is a police officer or law enforcement agent make you either more or less likely to believe his or her testimony?

      a.   **The Government does not object to this instruction.**

20. Have you, any members of your family, or close friends ever been associated with a community group involved with law enforcement matters? By this I mean such groups as Neighborhood Watch, Crime Stoppers, Orange Hats, or any other organization?

      a.   **The Government does not object to this instruction.**

21. Do you have any religious, moral, philosophical or other beliefs and opinions that would prevent you from sitting in judgment of another person?

      a.   **The Government does not object to this instruction.**

22. Have any of you ever participated in any type of anti-crime activity, or victims' rights organization (e.g. neighborhood watch), or made financial contributions to such organizations?

    a. **The Government does not object to this instruction.**

23. Have any of you ever participated in any type of organization or program that advances the interest of law enforcement officers or their families or provided financial contributions to such efforts?

    a. **The Government does not object to this instruction.**

24. The defendant has entered a plea of not guilty and denied criminal involvement concerning the charge. Do you believe that simply because a charge is prosecuted by the United States Attorney's Office, the charge is probably correct and the defendant is probably guilty?

    a. **The Government does not object to this instruction.**

25. A defendant need not produce any evidence whatsoever to prove her innocence. The burden is on the government to prove a defendant guilty beyond a reasonable doubt. The burden never shifts through trial. If you find the government has failed to prove beyond a reasonable doubt any element of an offense with which the defendant is charged, it is your duty to find the defendant not guilty of that offense. On the other hand, if you find that the government has proven beyond a reasonable doubt every element of an offense with which the defendant is charged, it is your duty to find her guilty of that offense. Will you have difficulty accepting or applying these rules of law?

    a. **The Government does not object to this instruction.**

26. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all in following this principle?

      a.  **The Government does not object to this instruction.**

27. The government has the burden of proving Ms. Reid guilty beyond a reasonable doubt, and she is presumed innocent unless and until the government meets that burden. This burden of proof never shifts to Ms. Reid. Would you have any difficulty or hesitation with respecting this allocation of the burden of proof?

      a.  **The Government does not object to this instruction.**

28. Because Ms. Reid is presumed innocent, she need not testify nor offer any evidence. Do you think her decision not to call witnesses or put on any evidence would make you think it is more likely that she is guilty?

      a.  **The Government does not object to this instruction.**

29. There has been an information in this case. An information is not evidence of a crime. It merely initiates a case and is a formal way of presenting the charges. The information here informs Ms. Reid, the Court, and the members of the jury of the charge against her. Would the fact that an information charged Ms. Kelly with a crime lead you to believe that she is guilty or make it difficult for you to apply the presumption of innocence?

      a.  **The Government objects to this instruction as cumulative of the proposed instruction in Section I, Question 15, which asks, "The defendant has entered a plea of not guilty and denied criminal involvement concerning the charge. Do you believe that simply because a charge is prosecuted by the United States Attorney's Office, the charge is probably correct and the defendant is probably guilty?"**

30. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by the Court.  Would you for any reason not be able to accept and follow the Judge's instructions regarding the law?

    a. **The Government does not object to this instruction.**

31. Do you take medication or have a medical problem that might cause drowsiness or make it difficult for you to remain alert during these proceedings?

    a. **The Government does not object to this instruction.**

32. This case is scheduled to take approximately one week; do you have any reasons why you could not sit fairly, attentively, and impartially in this case? Do you have a scheduling conflict or personal hardship that would make it difficult to sit as a juror in this case?

    a. **The Government does not object to this instruction.**

33. Is there any reason that I have not mentioned as to why you cannot serve as a juror and render a fair and impartial verdict based upon the evidence you hear and the law as I instruct you?

    a. **The Government does not object to this instruction.**