**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 25-CR-244 (SLS)** |
| | : | |
| **SYDNEY LORI REID,** | : | |
| | : | |
| **Defendant.** | : | |

**PARTIES' PROPOSED JURY INSTRUCTIONS**

**I.     Jury Instructions Agreed Upon by Parties**

Below are the parties' proposed jury instructions.  Proposed instructions that do not come from the Standardized Criminal Jury Instructions for the District of Columbia ("Redbook") are identified in the list below in bold, with the proposed language following.

1. Preliminary Instruction Before Trial, Criminal Jury Instructions for the District of Columbia § 1.102

2. Cautionary Instruction on the Use of the Internet, Criminal Jury Instructions for the District of Columbia § 1.202

3. Function of the Court, Criminal Jury Instructions for the District of Columbia § 2.101

4. Function of the Jury, Criminal Jury Instructions for the District of Columbia § 2.102

5. Jury's Recollection Controls, Criminal Jury Instructions for the District of Columbia § 2.103

6. Notetaking by Jurors, Criminal Jury Instructions for the District of Columbia § 1.105

7. Evidence in the Case, Criminal Jury Instructions for the District of Columbia § 2.104

8. Statements of Counsel, Criminal Jury Instructions for the District of Columbia § 2.105

1

9.  Indictment Not Evidence, Criminal Jury Instructions for the District of Columbia § 2.106

10. Burden of Proof, Criminal Jury Instructions for the District of Columbia § 2.107

11. Reasonable Doubt, Criminal Jury Instructions for the District of Columbia § 2.108

12. Direct and Circumstantial Evidence, Criminal Jury Instructions for the District of Columbia § 2.109

13. Nature of Charges Not to be Considered, Criminal Jury Instructions for the District of Columbia § 2.110

14. Number of Witnesses, Criminal Jury Instructions for the District of Columbia § 2.111

15. Inadmissible and Stricken Evidence, Criminal Jury Instructions for the District of Columbia § 2.112 (if applicable)

16. Credibility of Witnesses, Redbook Criminal Jury Instructions for the District of Columbia § 2.200

17. Police Officer's Testimony, Criminal Jury Instructions for the District of Columbia § 2.207

18. Right of Defendant Not to Testify, Criminal Jury Instructions for the District of Columbia § 2.208 (if applicable)

19. Defendant as Witness, Criminal Jury Instructions for the District of Columbia § 2.209 (if applicable)

20. Motive, Criminal Jury Instructions for the District of Columbia § 2.307

21. "On or About," Criminal Jury Instructions for the District of Columbia § 3.103

22. Proof of State of Mind, Criminal Jury Instructions for the District of Columbia § 3.101

23. **Resisting, Impeding, and Interfering with Certain Officers, 18 U.S.C. § 111(a)(1))**

24. Redacted Exhibits, Criminal Jury Instructions for the District of Columbia § 2.500 (if applicable)

25. Exhibits During Deliberations, Criminal Jury Instructions for the District of Columbia § 2.501

26. Selection of Foreperson, Criminal Jury Instructions for the District of Columbia § 2.502

27. Possible Punishment Not Relevant, Criminal Jury Instructions for the District of Columbia § 2.505

28. Unanimity—General, Criminal Jury Instructions for the District of Columbia § 2.405

29. Verdict Form Explanation, Criminal Jury Instructions for the District of Columbia § 2.407

30. Furnishing the Jury with a Copy of the Instructions, Criminal Jury Instructions for the District of Columbia § 2.100

31. Cautionary Instruction on Publicity, Communication, and Research, Criminal Jury Instructions for the District of Columbia § 2.508

32. Communication Between Court and Jury During Jury's Deliberations, Criminal Jury Instructions for the District of Columbia § 2.509

33. Attitude and Conduct of Jurors in Deliberations, Criminal Jury Instructions for the District of Columbia § 2.510

34. Excusing Alternate Juror, Criminal Jury Instructions for the District of Columbia § 2.511

**Proposed Instruction #1**
**Instruction § 1.102: Preliminary Instruction Before Trial**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

During the trial, jurors who want to take notes are permitted to do so. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. Your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly

4

realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the United States Attorney filed a charging document called an information with the court.

The information alleges that, on or about July 22, 2025, within the District of Columbia, Sydney Lori Reid, did forcibly resist, impede, and interfere with an officer and employee of the United States, Special Agent Eugenia Bates [1] Officer Vincent Liang., while such person was engaged in and on account of the performance of official duties.

You should understand clearly that the information that I just read is not evidence. The information is just a formal way of charging a person with a crime in order to bring her to trial. You must not think of the information as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because she has been formally charged.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offense with which she has been charged. The defendant has been charged with Resisting, Impeding and Interfering with Certain Officers. To prove Resisting, Impeding and Interfering Certain Officers, the government must prove beyond a reasonable doubt each of the elements of this offense.[2] The elements of Resisting, Impeding and Interfering Certain Officers are:

---

[1] *See* Information, ECF 17.
[2] The defense objects to the elements of the offense in the preliminary instruction as the elements of this charge are complicated and contain many legally significant words that will be defined for

1. *First*, the defendant forcibly resisted, impeded, or interfered with Special Agent Eugenia Bates, a Special Agent with the Federal Bureau of Investigation, or Officer Vincent Liang, an officer with Immigration and Customs Enforcement.

2. *Second*, that the defendant did such acts voluntarily and intentionally.

3. *Third*: that the persons the defendant resisted, impeded, or interfered with, Eugenia Bates and Vincent Liang, were officers or employees of the United States or of any agency in any branch of the United States Government.

4. *Fourth:* that Special Agent Eugenia Bates and Officer Vincent Liang were engaged in or on account of the performance of their official duties when the defendant acted.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until she is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove her innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find her guilty of that offense. On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Assistant United States Attorneys Travis Wolf and Jason Facci. When I mention the defendant or the defense, I am

---

the jury in the final instructions. The defendant also objects to the use of the disjunctive for purposes of this instruction.

referring either to the defendant Ms. Sydney Reid or to her attorneys, Mr. Eugene Ohm and Ms. Tezira Abe.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. The defendant may make an opening statement immediately after the government's opening statement or she may wait until the beginning of the defendant's case, or she may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defendant may present evidence, but she is not required to do so. The law does not require a defendant to prove her innocence or to produce any evidence. If the defense does put on evidence, Mr. Ohm and Ms. Abe will call witnesses to the stand and ask questions on direct examination, the government will cross-examine, and Mr. Ohm or Ms. Abe may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are

not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.[3]

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

---

[3] If the Court instructs the jury after closing arguments, the Government proposes the following instruction:

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdict shall be. Your verdict must be unanimous; that is, all twelve jurors must agree on the verdict

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party s/he represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept

11

messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such

reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

**Proposed Instruction # 2**
**Instruction § 1.202: CAUTIONARY INSTRUCTION ON THE USE OF THE INTERNET AND PUBLICITY**

You may not communicate with anyone not on the jury about this case. As I explained earlier, this includes any electronic communication such as emailing or texting or any blogging about the case. In addition, you may not conduct any independent investigation before or during deliberations. This means you may not conduct any research in person or electronically via the Internet or in any other way.

In some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is going on. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

**Proposed Instruction # 3**
**Instruction § 2.101: FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**Proposed Instruction # 4**
**Instruction § 2.102: FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Proposed Instruction # 5**
**Instruction § 2.103: JURY'S RECOLLECTION CONTROLS:**


If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**Proposed Instruction # 6**
**Instruction § 1.105: Notetaking by Jurors, Criminal Jury Instructions for the District of Columbia**


During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

**Proposed Instruction # 7**
**Instruction § 2.104: EVIDENCE IN THE CASE**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**Proposed Instruction # 8**
**Instruction § 2.105: STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to

assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**Proposed Instruction # 9**
**Instruction § 2.106: INFORMATION NOT EVIDENCE**


The information is merely the formal way of accusing a person of a crime. You must not consider the information as evidence of any kind—you may not consider it as any evidence of Sydney Reid's guilt or draw any inference of guilt from it.

**Proposed Instruction # 10**
**Instruction § 2.107: BURDEN OF PROOF—PRESUMPTION OF INNOCENCE**


Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Sydney Reid to prove her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Sydney Reid is charged, it is your duty to find her guilty of that offense. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, it is your duty to find Sydney Reid not guilty of that offense.

**Proposed Instruction # 11**
**Instruction § 2.108: REASONABLE DOUBT**

The government has the burden of proving Sydney Reid guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**Proposed Instruction # 12[4]**
**Instruction § 2.109: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

---

[4] The defense does not believe that there will be any circumstantial evidence in this case but agrees to revisit the issue at the charging conference.

**Proposed Instruction # 13**
**Instruction § 2.110: NATURE OF CHARGES NOT TO BE CONSIDERED**

      One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**Proposed Instruction # 14**
**Instruction § 2.111: NUMBER OF WITNESSES**


The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**Proposed Instruction # 15**
**Instruction § 2.112: INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party s/he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer, and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**Proposed Instruction # 16**
**Instruction § 2.200: CREDIBILITY OF WITNESSES**

In determining whether the government has proved the charges against Sydney Reid beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified. You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases. You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event. You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other

28

evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Proposed Instruction # 17**
**Instruction § 2.207: POLICE OFFICER'S TESTIMONY**


A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a police officer.

**Proposed Instruction # 18**
**Instruction § 2.208: RIGHT OF DEFENDANT NOT TO TESTIFY (if applicable)**


Every defendant in a criminal case has an absolute right not to testify. Sydney Reid has chosen to exercise this right. You must not hold this decision against her, and it would be improper for you to speculate as to the reason or reasons for her decision. You must not assume the defendant is guilty because she chose not to testify.

**Proposed Instruction # 19**
**Instruction § 2.209: DEFENDANT AS WITNESS (if applicable)**


A defendant has a right to become a witness in her own behalf. Her testimony should not be disbelieved merely because she is the defendant. In evaluating her testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

**Proposed Instruction # 20**
**Instruction § 2.307: MOTIVE**


Motive is not an element of the offenses charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

**Proposed Instruction # 21**
**Instruction § 3.103: "ON OR ABOUT"**


The information charges that the offense of Resisting, Impeding and Interfering Certain Officers was committed "on or about" July 22, 2025. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**Proposed Instruction # 22**
**Instruction § 3.101 PROOF OF STATE OF MIND**

Someone's intent and/or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent and/or knowledge from the surrounding circumstances. You may consider any statement made or acts done by Sydney Reid, and all other facts and circumstances received in evidence which indicate his intent and/or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Sydney Reid acted with the necessary state of mind.

**Proposed Instruction # 23**
**RESISTING, IMPEDING, AND INTERFERING WITH CERTAIN OFFICERS, in violation of 18 U.S.C. § 111**

The defendant is charged with Resisting, Impeding and Interfering Certain Officers.

Elements of the Offense[5]

The defendant is charged with forcibly resisting, impeding, or interfering with officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

To find the defendant guilty of forcibly resisting, impeding, or interfering with officers of the United States who are engaged in the performance of their official duties, you must find the following elements beyond a reasonable doubt:

> *First*, the defendant forcibly resisted, impeded, or interfered with Special Agent Eugenia Bates, a Special Agent with the Federal Bureau of Investigation, or Officer Vincent Liang, an officer with Immigration and Customs Enforcement.
>
> *Second*, that the defendant did such acts voluntarily and intentionally.

---

[5] The Defendant objects and proposes the following:
In order to find Ms. Reid guilty of the crime charged, the government must prove that on or about July 22, 2025, the following elements beyond a reasonable doubt:

*First*, that the victim was a federal officer, as I will define that term for you;
*Second*, that at the time, the Ms. Reid forcibly assaulted the victim;
*Third*, that, at the time, the victim was engaged in the performance of his official duties; and
Fourth, that Ms. Reid acted knowingly and willfully.

The basis for this instruction proposed by the defense is Sand *et al.*, Modern Federal Jury Instructions – Criminal, Instruction No. 14-2.

*Third*: that the persons the defendant resisted, impeded, or interfered with, Eugenia Bates and Vincent Liang, were officers or employees of the United States or of any agency in any branch of the United States Government.

*Fourth:* that Special Agent Eugenia Bates and Officer Vincent Liang were engaged in or on account of the performance of their official duties when the defendant acted.

### Definitions

The defendant acted "forcibly" if she used force, attempted to use force, or threatened to use force against the law enforcement officers. All of the acts – resisting, impeding, and interfering with – are modified by the word "forcibly." Thus, before you can find the defendant guilty, you must find, beyond a reasonable doubt, that she acted forcibly.

The term "forcibly" means by use of force. Physical force is sufficient, but actual physical contact is not required. A person acts forcibly if she threatens or attempts to inflict bodily harm upon another, with the present ability to inflict bodily harm.[6] Therefore, a threat to use force at some unspecified time in the future does not satisfy the forcibly element. A person does not act forcibly if she passively resists during the interaction.[7]

---

[6] 2 Fed. Jury Prac. & Instr. § 24:08 (6th ed.).

[7] The defense proposes this inclusion to the instruction based on the conclusions in *United States v. Davis*, 690 F.3d 127, 137 (2d Cir. 2012), *United States v. Warnagiris*, 699 F. Supp. 3d 31, 49 (D.D.C. 2023), *United States v. Cua*, 657 F. Supp. 3d 106, 113 (D.D.C. 2023). The Government objects to the instruction relating to the threat to use force because the Government does not allege the Defendant issued any verbal threat of force. This instruction is therefore not relevant to the charged offenses, and would serve to only confuse the jury. The Government further objects to the instruction regarding passive resistance. The phrase is vague, lacking in further definition in the instructions. Moreover, passive resistance is not suggested as a definition or instruction in any D.C. Circuit guide for the offense of 18 U.S.C. § 111(a). The sole authority cited by the Defense is to a case in the Second Circuit. There is no indication in that Circuit that juries are given this instruction for this offense.

The terms "resisted," "impeded," and "interfered with" carry their everyday, ordinary meanings.

You are further instructed that Officer Vincent Liang is a federal officer and that it was part of the official duty of such officer to lodge detainers against individuals who have entered or remained in the United States illegally, and to take custody of said individuals on those detainers.[8]

You are instructed that Special Agent Eugenia Bates is a federal officer and that it was a part of the official duty of such officer to assist federal officers on July 22, 2025, to take custody of two individuals who were alleged to have entered or remained in the United States illegally.[9]

The phrase "engaged in or on account of the performance of their official duties" means activity within the general scope of what that official was employed to do or was expected to do. Although it is not necessary for the government to prove that the officer or employee was explicitly authorized to do what he or she was doing at the time of the alleged conduct, the government must prove beyond a reasonable doubt that his or her actions at the time that he or she was forcibly resisted, impeded, or interfered with were closely related to those "official duties."

It is not necessary to show that the defendant knew the person being forcibly resisted, impeded, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, assisting a

---

[8] Whether the individuals named in the information were "federal officers" at the time of the offense, is an element the government must prove beyond a reasonable doubt. The defense therefore objects to any part of the instruction which instructs the jury that they must find such element of the offense.

[9] Whether the individuals named in the information were "federal officers" at the time of the offense, is an element the government must prove beyond a reasonable doubt. The defense therefore objects to any part of the instruction which instructs the jury that they must find such element of the offense.

federal officer acting in the course of his duty and that the defendant intentionally forcibly resisted,

impeded, or interfered with that officer.

Sources: 2 Fed. Jury Prac. & Instr. § 24:03 (6th ed.), 2 Fed. Jury Prac. & Instr. §§ 24:03, 24:04, 24:08, 24:09, 24:10; 8th Circuit Model Jury Instructions, Criminal Cases, Instruction No. 6.18.111 (2023); *United States v. Street*, 66 F.3d 969, 977 (8th Cir. 1995)

**Proposed Instruction # 24**
**Instruction § 2.500: REDACTED EXHIBITS (if applicable)**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

**Proposed Instruction # 25[10]**
**Instruction § 2.501: EXHIBITS DURING DELIBERATIONS**


I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict. Also, exhibits that were shown as demonstrative exhibits in the courtroom but not admitted into evidence will not be sent to the jury room.

---

[10] The defense objects to this instruction. There are no allegations of Ms. Reid using a firearm, and there is no ammunition in this case.

**Proposed Instruction # 26**
**Instruction § 2.502: SELECTION OF FOREPERSON**


When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Proposed Instruction # 27**
**Instruction § 2.505: POSSIBLE PUNISHMENT NOT RELEVANT**


The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Proposed Instruction # 28**
**Instruction § 2.405: UNANIMITY—GENERAL**


A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

**Proposed Instruction # 29**
**Instruction § 2.407: VERDICT FORM EXPLANATION**


You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**Proposed Instruction # 30**
**Instruction § 2.100: FURNSIHING THE JURY WITH A COPY OF THE**
**INSTRUCTIONS**


I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**Proposed Instruction # 31**
**Instruction § 2.508: CAUTIONARY INSTRUCTION ON PUBLICITY,**
**COMMUNICATION, AND RESEARCH**


I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Proposed Instruction # 32**
**Instruction § 2.509: COMMUNICATIONS BETWEEN COURT AND JURY DURING**
**JURY'S DELIBERATIONS**


If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**Proposed Instruction # 33**
**Instruction § 2.510: ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS**


The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Proposed Instruction # 34**
**Instruction § 2.511: EXCUSING ALTERNATE JURORS**


The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers]

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.