UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 25-CR-244-SLS |
| SIDNEY LORI REID | : | |

### DEFENDANT'S MOTION IN LIMINE

Ms. Sidney Reid, through undersigned counsel, respectfully files this motion in limine requesting the Court preclude the government from eliciting testimony regarding the fact that Ms. Reid's breath had a smell consistent with alcohol on July 22, 2025.

### BACKGROUND

On July 22, 2025, FBI Agent Eugenia Bates, Enforcement and Removal Operations Officers Dinko Residovic and Vincent Liang were awaiting the release of two noncitizens from the D.C. Jail to take them into Immigration and Customs Enforcement (ICE) custody. Ms. Reid, who was nearby, witnessed this arrest and began recording the agents. While Ms. Reid was recording, Officer Liang pushed Ms. Reid against a concrete wall and began restraining her. Shortly thereafter, Agent Bates approached and assisted Officer Liang effectuate the arrest of Ms. Reid. During this arrest, Agent Bates scratched the back of her hand on the wall.

On July 23, 2025, the government charged Ms. Reid with felony assaulting, resisting, and impeding a federal law enforcement officer, in violation of 18 U.S.C. § 111(a)(1). On August 25, 2025, the government filed a one-count misdemeanor information alleging Ms. Reid forcibly resisted, impeded, and interfered Agent Bates and Officer Liang while they were performing their official duties on July 22, 2025.

### ARGUMENT

Under Federal Rule of Evidence 402, relevant evidence is generally admissible, and

1

irrelevant evidence is not. Rule 403 permits courts to "exclude relevant evidence if its probative value is substantially outweighed by danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In the audio recorded by Ms. Reid's phone during her transport, one of the officers makes mention of Ms. Reid potentially smelling of alcohol. Importantly, there has been no evidence, either in discovery, at the grand jury or through a preliminary hearing that Ms. Reid had slurred speech, was stumbling or was otherwise exhibiting signs of intoxication.  Testimony of what Ms. Reid smells like is thus irrelevant and should not be permitted.

To convict Ms. Reid at trial the government must prove, beyond a reasonable doubt, that Ms. Reid forcibly assaulted the alleged victims. Because Ms. Reid is charged with simple assault under § 111(a), the government must prove that Ms. Reid acted knowingly and willfully when she "attempt[ed] or threat[ened] to inflict injury upon [the victims], when coupled with the apparent present ability to do so, . . . plac[ing] another in reasonable apprehension of immediate bodily harm." *United States v. Cua*, 657 F. Supp. 3d 106, 113 (D.D.C. 2023) (quotation marks omitted). Whether Ms. Reid had a drink before her arrest is irrelevant to whether she attempted or threatened to inflict injury on Agent Bates or Officer Liang. The government has no evidence to corroborate the potential effects alcohol may have had on Ms. Reid. As such, the witness' opinion that Ms. Reid's breath smelled of alcohol does not tend to make an element of the offense in this case more or less likely.

But even if it were relevant, the probative value of any testimony of whether Ms. Reid smelled of alcohol is substantially outweighed by unfair prejudice, misleading the jury, and confusing the issues. Any potential evidence the government were to lay out at this point would lead the parties down a path of attempting to prove or disprove any effect alleged alcohol use may

2

have had on Ms. Reid at the time of her arrest. Ms. Reid, as the exhibits show, displays no physical symptoms of intoxication. There is nothing unusual about her speech, her demeanor or her physical actions. Moreover, the government does not appear to have evidence of whether or when Ms. Reid consumed alcohol, how much alcohol she consumed, how much she had to eat, or whether she has a significant tolerance. Inserting an officer's subjective opinion about smell would ultimately be a waste of time, mislead the jury, and be highly prejudicial to Ms. Reid for a piece of evidence of little to no probative value.

District courts are "accorded a wide discretion in determining the admissibility of evidence under the Federal Rules." *United States v. Abel*, 469 U.S. 45, 54 (1984). The Court should therefore exercise its discretion and preclude any testimony opining about Ms. Reid's alleged alcohol use on July 22, 2025.

## CONCLUSION

For the foregoing reasons, and for any other reasons this Court may determine at the pretrial conference, Ms. Reid respectfully requests that the Court preclude any mention of alleged alcohol use on July 22, 2025.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
TEZIRA ABE
EUGENE OHM
Assistant Federal Public Defenders
625 Indiana Ave. N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500