UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 25-CR-244 (SLS) |
| : | |
| SYDNEY LORI REID, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following response to Defendant's motion in limine (ECF-33-2). Evidence of drunkenness, as indicated by the smell of alcohol on the Defendant's breath, is relevant to showing the Defendant's reduced or removed inhibitions, *United States v. Blalock*, 571 F.3d 1282 (D.C. Cir. 2009), and is well within the bounds of lay opinion testimony. *United States v. Barnes*, 924 F.Supp.2d 74, 83 (D.D.C. 2013). As a result, the Defendant's motion to preclude testimony that the Defendant's breath had a smell consistent with alcohol should be denied.

I.     RELEVANT BACKGROUND

The Government adopts the relevant background information from its previous Motion in Limine (ECF 21) and notes the following relevant facts discussed below.

Defendant Sydney Reid is charged by Information with one count of forcibly resisting, impeding, and interfering with two officers of the United States while engaged in the performance of their official duties, in violation of 18 U.S.C. § 111(a)(1). *See* ECF No. 17. The charge arises from an incident on July 22, 2025, when the Defendant interfered with an operation by agents with the Federal Bureau of Investigation ("FBI"), Homeland Security Investigations ("HSI"), and the

United States Marshals Service ("USMS"), to take two individuals into custody upon their release from D.C. Department of Corrections custody at the D.C. Central Detention Facility.

As agents waited outside of the entrance used to discharge inmates from the jail, the Defendant approached law enforcement agents and video recorded the agents with a cell phone. Additionally, the Defendant photographed the make, model, and license plate of several law enforcement vehicles. The Defendant then left the area. While the Defendant was gone, the first individual was released from D.C. Jail and detained by the law enforcement agents.

Several minutes later, the Defendant returned just as the second individual was released from D.C. Jail. As agents detained the second individual, the Defendant violated officers' orders by attempting to circumvent officers and obstruct the stairway that the agents used to escort the individual to the waiting vehicle. The Defendant tried to push past the perimeter agent, making physical contact with that agent. The Defendant's interference with the inmate transfer and contact with the agent forced the agent to move the Defendant away from the escort path to a nearby wall. As the agent restrained the Defendant near the wall, the Defendant resisted and struggled with the agent. A second agent came to assist to restrain the Defendant, during which time agents asked the Defendant to calm down. The Defendant continued to resist and instead began raising up her leg as if preparing to strike the agents with her knee. A third agent then came to assist. These three agents were able to handcuff the Defendant and place her under arrest.

As a result of this interaction, officers observed that the Defendant's breath smelled of the odor of alcohol. This observation was noted in an interaction between an agent and the Defendant after the incident as well as in a report drafted after the Defendant's arrest.[1]

---

[1] This report was disclosed to the Defense on September 12, 2025.

## II.     ARGUMENT

It is well-settled law that "drunkenness, while efficient to reduce or remove inhibitions," does not readily negate intent." *United States v. Blalock,* 571 F.3d 1282 (D.C. 2009) (citing *Heideman v. United States*, 259 F.2d 943, 946 (D.C. Cir. 1958)). Acknowledging this reality, evidence relating to the consumption of alcohol may be relevant and admissible to explaining a Defendant's unusual actions. *Id.* (finding there was no doubt that defendant's inhibitions were removed when he defendant who drove to an MPD station, fired a gun in the air, then took off all of his clothes); *Heideman*, 259 F.2d at 946 (drunken defendant not too drunk to fill a sock with gravel before entering the taxi or to rifle the driver's pockets after hitting him); *United States v. Richardson*, 459 F.2d 1133, 1134 (D.C. Cir. 1972); *Bell v. United States*, 950 A.2d 56, 65 (D.C. 2008) (while there was evidence that the Defendant spent the morning before a robbery drinking and smoking blunts, the facts of the robbery revealed a "carefully designed and implemented scheme" that was not consistent with incapacitation from intoxication).[2] Accordingly, evidence

---

[2] Instruction 9.404 of the Criminal Jury Instructions for the District of Columbia provides the following instruction entitled "Intoxication – Acting Under the Influence of Alcohol or Drugs":

> You have heard evidence that the Defendant may have been under the influence of alcohol and/or drugs at the time of the charged offense.
>
> Intoxication, by itself, does not relieve a person of responsibility for his/her acts. However, a person may be so completely intoxicated that s/he is incapable of forming the intent to [insert appropriate element of offense]. If evidence of intoxication gives you a reasonable doubt about whether [name of defendant] could or did form the intent to [insert appropriate element of offense], then you must find him/her not guilty of the offense of [insert offense]. On the other hand, if the government has proved beyond a reasonable doubt that [name of defendant] could and did form the intent to [insert appropriate element of the offense], along with every other element of the offense, then you must find him/her guilty of the offense of [insert offense].

This instruction is not applicable to every case in which there is evidence that the Defendant consumed alcohol or drugs, but only applies when, after a review of the facts surrounding the offense, the evidence could create a reasonable doubt in the mind of a reasonable juror as to

3

that the Defendant may have been intoxicated, or at least had been consuming alcohol prior to the charged incident in this case, would be relevant to explaining the Defendant's decision to disobey orders and forcibly resist multiple, armed federal agents.[3]

The probative value of this evidence also outweighs any risk of unfair prejudice, misleading the jury, or confusing the issues. Defendant contends that there was nothing unusual about the defendant's physical actions to show she displayed symptoms of intoxication. (ECF 33-2 at 3). But this is belied by the facts of the case. Even though there were multiple people waiting outside of the D.C. Jail, including one who appeared to be waiting for one of the individuals sought for detention, the Defendant was the only person on scene to photograph the agents' vehicles, use profanity directed towards the agents, approach the agents while conducting the operation in violation of their orders, and ultimately engage in an altercation with the agents. Evidence that the Defendant's breath smelled of alcohol would be probative to explaining her unusual actions that day.

Moreover, this evidence would be admissible as lay opinion testimony through the officers. Testimony relating to the detection of the smell of alcohol is permissible if the specialized knowledge at issue was gained through experience so long as the witness testifies based on personal experience. *United States v. Barnes*, 924 F.Supp.2d 74, 83 (D.D.C. 2013) (citing to *State v. Hall*, 353 N.W.2d 37, 43 (S.D. 1984) (permitting police officers to give lay opinion concerning

---

whether a defendant possessed the requisite specific intent." *Bell v. United States*, 950 A.2d 56, 65 (D.C. 2008) (quoting *Washington v. United States*, 689 A.3d 568, 574 (D.C. 1997). Specifically, that entails "such a degree of complete drunkenness that a person is incapable of forming the necessary intent essential to the commission of the crime charged." *Washington*, 689 A.3d at 573.

[3] If the Defendant testifies, evidence that the Defendant had been drinking alcohol prior to the incident would also be relevant to impeach her credibility, as it may have affected her ability to recall the events in question.

defendant's intoxicated state). The Government anticipates that the officers will be able to testify based on prior experience that the smell was consistent with the odor of alcohol.

### III. CONCLUSION

For the foregoing reasons, the Defendant's motion to preclude testimony relating to the officers' detection of the odor of alcohol on the Defendant's breath should be denied.

Respectfully Submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     */s/ Travis Wolf*
Travis Wolf
Jason Facci
Assistant United States Attorneys
N.Y. Bar No. 5483243 (Wolf)
D.C Bar No. 1027158 (Facci)
601 D St, NW
Washington, D.C. 20530
Travis.Wolf@usdoj.gov
Jason.Facci@usdoj.gov
(202) 252-7803 (Wolf)
(202) 252-7742 (Facci)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | : Case No. 25-CR-244 (SLS) |
| | : |
| **SYDNEY LORI REID,** | : |
| | : |
| **Defendant.** | : |

## ORDER

Upon consideration of the Government's Opposition to the Defendant's Motion in Limine in ECF 33-2, and for good cause shown, it is hereby

**ORDERED** that the Defendant's motion is DENIED.

**SO ORDERED.**

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date: