UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 25-CR-244 (SLS) |
| : | |
| SYDNEY LORI REID, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S SECOND MOTION IN LIMINE**

The United States of America respectfully moves in limine to offer additional support for the preclusion of evidence that may invite jury nullification. *See* Government's Omnibus Motion in Limine, ECF 21. In its previous motion, the government asked that the Court prohibit the Defendant from presenting irrelevant evidence or argument relating to: (A) the Government's earlier efforts to seek a felony indictment against the Defendant; (B) media coverage of this case; (C) the political views or affiliations of the victims; and (D) inadmissible portions of the Defendant's conversations with law enforcement following her arrest. *Id.* The defense should be barred from admitting evidence concerning the aforementioned irrelevant matters and be ordered to refrain from referencing or arguing about them at any time during trial proceedings. In further support, the government states as follows:

### I.   RELEVANT BACKGROUND

The Government adopts the relevant background information from its previous Omnibus Motion in Limine (ECF 21).

### II.   LEGAL STANDARDS

Motions in limine assist the Court in serving its gate-keeping function to keep incompetent evidence or improper argument from the jury by permitting it to exclude it in advance of trial. *United States v. Zeese*, 437 F. Supp. 3d 86, 92 (D.D.C. 2020) (quoting *United States v. Jackson*,

1

627 F.2d 1198, 1209 (D.C. Cir. 1980) ("Pretrial motions in limine effectuate [Rule 103(d)'s] directive" that inadmissible evidence not be suggested to the jury by any means, and a "'pre-trial ruling, if possible, may generally be the better practice, for it permits counsel to make the necessary strategic determinations'").

"To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d); *see also United States v. Young*, 470 U.S. 1, 10 (1985) ("[T]he trial judge has the responsibility to maintain decorum in keeping with the nature of the proceeding; the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct.") (internal quotations omitted). In service of this responsibility, the Court has broad discretion to determine whether evidence or argument can properly be presented at trial. *See United States v. Morgan*, 581 F.2d 933, 936 (D.C. Cir. 1978) ("The district court has wide discretion to admit or exclude evidence where the question is one of relevancy or materiality"); *United States v. Tarantino*, 846 F.2d 1384, 1410 (D.C. Cir. 1988). This includes excluding evidence or argument whose only purpose is to encourage the jury to nullify. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975) (affirming trial court's exclusion of evidence relevant only to jury nullification) (citing *Sparf v. United States*, 156 U.S. 51, 106 (1895); *United States v. Boone*, 458 F.3d 321, 329 (3d Cir. 2006) ("[A] juror . . . who commits jury nullification violates the sworn jury oath and prevents the jury from fulfilling its constitutional role.")). Here, the Court has a sufficient basis to rule in advance of trial to exclude improper evidence and argument so that it is not suggested to the jury in any way.

### III. ARGUMENT

The Defendant should be precluded from arguing or seeking to admit evidence for the purpose of encouraging the jury to nullify its verdict; such argument and evidence is not

admissible. Federal courts have universally excluded evidence and arguments that encourage jury nullification. *See United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983) ("A jury has no more 'right' to find a 'guilty' defendant 'not guilty' than it has to find a 'not guilty' defendant 'guilty,' and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power."); *see also United States v. Wilkerson*, 966 F.3d 828, 835 (D.C. Cir. 2020) (federal courts have "categorically reject[ed] the idea that, in a society committed to the rule of law, . . . courts may permit [jury nullification of the law] to occur when it is within their authority to prevent" ) (quoting *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997)); *Gorham*, 523 F.2d at 1097-98 (affirming exclusion of evidence sought to entice jury nullification and agreeing that introduction of the evidence "would have been unnecessarily confusing and potentially prejudicial"); *United States v. Moss*, 297 F. App'x. 839, 841 (11th Cir. 2008) (granting government motion *in limine* to exclude defense evidence "intended to inspire a jury to exercise nullification"); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("[N]either the court nor counsel should encourage jurors to [nullify] . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification.").

More specifically, the D.C. Circuit has explained why jury nullification is improper:

> This so-called right of jury nullification is put forward in the name of liberty and democracy, but its explicit avowal risks the ultimate logic of anarchy. This is the concern voiced by Judge Sobeloff in *United States v. Moylan*, 417 F.2d 1002, 1009 (4th Cir. 1969), cert. denied, 397 U.S. 910, 90 S.Ct. 908, 25 L.Ed.2d 91 (1970):
>
>> To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos. No legal system could long survive if it gave every individual the option of disregarding with impunity any law which by his personal standard

3

> was judged morally untenable. Toleration of such conduct would not be democratic, as appellants claim, but inevitably anarchic.

*United States v. Dougherty*, 473 F.2d 1113, 1133–34 (D.C. Cir. 1972).

It is thus well-established that courts have a duty to prevent criminal defendants from making arguments or offering evidence designed to encourage jury nullification. *See, e.g., United States v. Funches,* 135 F.3d 1405, 1409 (11th Cir. 1998) ("Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence."); *United States v. Penn*, 969 F.3d 450 458 (5th Cir. 2020) (noting that evidence sought to be admitted solely for nullification was irrelevant and inadmissible).

Based on these principles, the United States again moves the Court to order that the Defendants not be permitted to make jury nullification arguments, and to exclude any evidence probative of such arguments. The procedural posture of this case has demonstrated a heightened risk of nullification, whereby three grand juries declined to indict the Defendant for felony 18 U.S.C. § 111(a), but the magistrate court found probable cause for the offense after a preliminary hearing. It is therefore foreseeable that the defense may seek to admit irrelevant evidence that could encourage nullification. This may occur in the form of questioning jurors during voir dire, making improper opening statements, interjecting irrelevant evidence into questions or testimony, or offering closing argument about irrelevant topics. Such arguments and evidence include, but are not limited to, the following topics: (A) the government's earlier efforts to seek a felony indictment against the Defendant; (B) media coverage of this case; (C) the political views or affiliations of both the victims and the Defendant, including any disagreement with the United States' immigration policies and execution of those policies; and (D) inadmissible portions of the Defendant's conversations with law enforcement following her arrest. *See* ECF 21. Any such

4

evidence is irrelevant to the jury's determination of whether the Defendant forcibly resisted, opposed, impeded, intimidated, or interfered with an officer or an employee of the United States who was engaged in the performance of their official duty. Because none of these topics are probative of an element of the charged offense or an affirmative defense available to the Defendant, and all of them could lead to improper nullification, they should be prohibited.

### IV.    CONCLUSION

For these additional reasons, the government reiterates that the defense be precluded from admitting evidence concerning the aforementioned irrelevant matters, and be ordered to refrain from referencing or arguing about them at any time during trial proceedings.

Respectfully Submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/   Jason Facci*
Jason Facci (D.C. Bar No. 1027158)
Travis Wolf (N.Y. Bar No. 5483243)
Assistant United States Attorneys
601 D Street, NW
Washington, D.C.  20530
Jason.Facci@usdoj.gov
Travis.Wolf@usdoj.gov
202.252.7742 (Facci)
202-252-7803 (Wolf)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 25-CR-244 (SLS) |
| : | |
| SYDNEY LORI REID, : | |
| : | |
| **Defendant.** : | |

# ORDER

Upon consideration of the Government's Motion *in Limine*, and for good cause shown, it is hereby

**ORDERED** that the government's motion is GRANTED; it is further

**ORDERED** that the defendant is prohibited from presenting evidence or argument related to: the Government's earlier efforts to seek a felony indictment against the Defendant; media coverage of this case; the political views or affiliations of the victims and Defendant; and inadmissible portions of the Defendant's conversations with law enforcement following her arrest;

**SO ORDERED.**

                                                                                                            _____

                                                           SPARKLE L. SOOKNANAN
                                                           United States District Judge

Date: