## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 25-CR-244 (SLS)** |
| | : | |
| **SYDNEY LORI REID,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE

Pursuant to the minute order issued by the Court on October 1, 2025, the United States, by and through the United States Attorney for the District of Columbia, hereby supplements its Omnibus Motion (ECF 21).

First, officers had significant concerns that the two suspects to be detained, who were believed to be affiliated with the 18th Street Gang, posed a fight and flight risk. To this effect, as officers awaited the release of the second suspect, one of the officers asked, "Which one did you say was going to fight—this one?" This was the question and concern that federal agents discussed moments before they arrested the second suspect. The United States respectfully requests that this statement and its subsequent affirmation by another officer be admissible at trial as non-hearsay to show its effect on the listeners—the federal agents assigned to detain the two suspects. The Government therefore requests that the Court permit the government to elicit evidence about why law enforcement agents were present at the scene and working to secure a perimeter.

Second, the government does not have any non-hearsay objections to the post-arrest video.

Third, the Government hereby provides authorities from two cases from this district and pattern instructions from the Fifth, Tenth, and Eleventh circuits in support of the proposed jury instruction that Agent Bates and Officer Liang were federal officers who were engaged in their official duties at the relevant time.

## I.    RELEVANT BACKGROUND

On July 22, 2025, the Defendant forcibly interfered with an operation by federal agents to take two suspects into custody upon their release from the D.C. Jail.  Prior to the execution of this operation, agents were made aware that the two suspects to be arrested were present illegally in the United States and were believed to be affiliated with the 18th Street Gang, a transnational criminal enterprise involved with homicides, kidnapping, witness intimidation, and firearms and narcotics trafficking.[1]  Both suspects were wanted for questioning in relation to a homicide investigation, and one of the individuals had been arrested the previous day for Carrying a Pistol Without a License, in violation of D.C. Code § 22-4504. In preparation for these two arrests, agents were made aware that one or both of suspects would run from or fight with law enforcement officers.  Given the background of these two suspects, agents had heightened safety concerns for both themselves and the surrounding public.

Body worn camera ("BWC") from one of the agents who participated in the arrest of these two suspects showed that as agents were preparing to detain the second suspect[2], Enforcement Removal Operations Officer Dinko Residovic asked another agent, "[w]hich one did you say was going to fight—this one?" The agent affirmed the question, responding, "This one." It was during this suspect's exit from the jail that the defendant inserted herself into the middle of the arrest operation, and forcibly resisting, impeded, and interfered with officers engaged in their lawful duties, ultimately leading to her arrest.

The Government adopts the remainder of the relevant background information from its previous Omnibus Motion in Limine (ECF 21).

---

[1]    *See United States v. Alvarado-Velasquez et al*, 23-cr-043-TNM.

[2]    Time stamp 3:25 on Agent Jankovitz's body worn camera footage

II.    **ARGUMENT**

   A. **Officer Residovic's statement on BWC is admissible as non-hearsay, and the government should be permitted to explain why it was important to maintain a perimeter and prevent public interference.**

Under the federal definition of hearsay, an out-of-court statement is only hearsay if it is offered to prove "the truth of the matter asserted" by the out-of-court declarant. Fed. R. Evid. 801(c)(2). "'Often an out-of-court statement is relevant for the effect it had on someone who heard it. The party offering the statement can use this theory of relevance—that the statement provoked some relevant reaction, knowledge, or belief on the part of a person who heard it—to overcome a hearsay objection.'" *Amirentezam v. Islamic Republic of Iran,* No. 119CV02066EGSGMH, 2023 WL 5724121, at *3 (D.D.C. Sept. 5, 2023) (*quoting* 30B Charles Alan Wright, et al., Federal Practice and Procedure § 6719 (2023 ed.)); *see also Jones v. United States,* 934 F.Supp.2d 284, 290 (D.D.C. 2013) (statements that were offered "to establish that certain statements were made and their effect on the listener" were offered for a non-hearsay purpose).

The government seeks to introduce Officer Residovic's statement, "[w]hich one did you say was going to fight—this one?" and an agent's affirmation, "[t]his one," as non-hearsay statements to show their effect on the listener. Agents are expected testify at trial that they had heightened safety concerns during the arrests because of the likelihood that the suspects would run or fight, coupled with the belief that the suspects were members of the 18th Street Gang and connected to a murder. The above statements will not be introduced for the truth, but instead to show that agents were aware that the arrest of these two suspects posed heightened risks, which created the need to maintain a perimeter for the safety of themselves and the members of the public who were watching. The heightened safety concerns as reflected by Officer Residovic's statement

also explain the reactions that law enforcement had to the defendant's interference, and why it was so important to not let the public enter the zone where they anticipated they would be detaining and escorting the suspects to waiting law enforcement vehicles. Accordingly, the aforementioned statements captured on BWC are relevant to prove the reasonableness of the officers' actions in what they believed could be a risky detention.

Similarly, the government should be permitted to elicit testimony that briefly elaborates on why Officer Residovic made this statement, and why agents believed the suspects would fight back—namely, because they thought they were violent gang members. Again, this information provides crucial context to the jury to explain the number of agents present and the need for the agents to maintain a perimeter as they took the two suspects into custody.

### B. The government has no further non-hearsay objections to the post-arrest video.

Following the Pretrial Conference, the Court Ordered the government to identify any other non-hearsay objections to the post-arrest video. The government has again reviewed this evidence and has no additional objections to its exclusion.

### C. Supplemental Authority for Element 3 of Proposed Instruction # 23

As to the offense of Resisting, Impeding, and Interfering with Certain Officers, in violation of U.S.C § 111(a), the Government proposes the following instructions:

1.     You are further instructed that Officer Vincent Liang is a federal officer and that it was part of the official duty of such officer to lodge detainers against individuals who have entered or remained in the United States illegally, and to take custody of said individuals on those detainers.

2.      You are instructed that Special Agent Eugenia Bates is a federal officer and that it was a part of the official duty of such officer to assist federal officers on July 22, 2025, to take custody of two individuals who were alleged to have entered or remained in the United States illegally. This instruction complies with instructions provided in *United States v. Webster, 21-cr-208*[3], *United States v. Jenson*, 21-cr-6, ECF 97 at 29-30,[4] as well as pattern instructions from the Fifth Circuit[5], Tenth Circuit[6], and Eleventh Circuit[7]. The lone circuit to preclude this instruction is

---

[3]     *See* O'Malley, Grenig, & Lee, Fed. Jury. Prac. & Instr. Crim Comp HB § 4:2. The handbook uses instructions given by Judge Mehta in *Webster*, 21-cr-208, which stated: "You are instructed that Officer Noah Rathbun is an officer of the Metropolitan Police Department and that it was a part of the official duty of such officer to assist federal officers in protecting the U.S. Capitol complex on January 6, 2021, and detaining individuals who lacked authorization to enter the restricted area around the complex. It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer." Based on a review of the procedural history of the matter, the Court circulated a draft of the proposed instructions on April 27, 2022, and the Government provided suggested edits. ECF 83 at 1. No defense objection is indicated in the procedural history of the case.

[4]     "You are instructed that Officer Eugene Goodman is an officer of the United States Capitol Police and that it was a part of the official duty of such officer to protect the U.S. Capitol complex on January 6, 2021, and detain individuals who lacked authorization to enter the restricted area around the complex.") The parties jointly proposed the instructions. *Webster*, ECF 76-2 at 18.

[5]     2 Fed. Jury Prac. & Instr. § 24:09 (6th ed.) ("You are instructed that (*list title of federal official, e.g., Special Agent of the Federal Bureau of Investigation*) is a federal officer, and that it is a part of the official duty of such an officer to (*list official duty being performed, e.g., execute arrest warrants issued by a judge or magistrate of this court*)."

[6]     2 Fed. Jury Prac. & Instr. § 24:09 (6th ed.) ("You are instructed that a [name agent] is a federal officer, and that it is a part of the official duty of such an officer to [name duty performed, e.g., execute arrest warrants issued by a judge or magistrate of this court])".

[7]     2 Fed. Jury Prac. & Instr. § 24:09 (6th ed.) (["A [name of agent type, e.g., Special Agent, I.R.S. Agent] of the [name of agency] is a Federal officer and has the official duty to [describe function at issue in case").

the Eighth Circuit. *United States v. Janis*, 810 F.3d 595 (8th Cir. 2016) (finding that the district court erred in instructing the jury that the victim was a federal officer as a matter of law).

### D.  CONCLUSION

For these above reasons, the government respectfully requests (1) a ruling that the aforementioned BWC statements are admissible, and the government be permitted to elicit brief testimony on the background of the two suspects that were taken into custody leading up to the defendant's arrest; and (2) adoption of the proposed instruction.

Respectfully Submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: */s/   Jason Facci*
Jason Facci (D.C. Bar No. 1027158)
Travis Wolf (N.Y. Bar No. 5483243)
Assistant United States Attorneys
601 D Street, NW
Washington, D.C.  20530
Jason.Facci@usdoj.gov
Travis.Wolf@usdoj.gov
202.252.7742 (Facci)
202-252-7803 (Wolf)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 25-CR-244 (SLS)** |
| | : | |
| **SYDNEY LORI REID,** | : | |
| | : | |
| **Defendant.** | : | |

<u>**ORDER**</u>

Upon consideration of the Government's Supplemental Motion *in Limine*, and for good

cause shown, it is hereby

**ORDERED** that the government's motion is GRANTED;

**SO ORDERED.**

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date: