UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 25-CR-244 (SLS) |
| | : | |
| SYDNEY LORI REID, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S SUPPLEMENTAL AUTHORITY RELATING TO PROPOSED INSTRUCTION FOR SIMPLE ASSAULT**

Pursuant to the Court's minute order issued on October 1, 2025, the United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits that simple assault is not a required element to prove a misdemeanor offense under 18 U.S.C. § 111(a). In support of its argument, the Government submits the following points and authorities.

**FACTUAL BACKGROUND**

The Government adopts the relevant factual background included in its Omnibus Motion in Limine (ECF 21) and Supplemental Motion in Limine (ECF 40).

**ARGUMENT**

**I.    Assault is not an Essential Element under 18 U.S.C. § 111**

Title 18, United States Code, Section 111(a) authorizes punishment for an individual who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title [*i.e.*, a federal officer] while engaged in or on account of the performance of official duties." 18 U.S.C. § 111(a)(1). A misdemeanor penalty is authorized where the individual's act "constitute[s] only simple assault." *Id*. But where the individual's "acts involve

1

physical contact with the victim of that assault or the intent to commit another felony," he faces a term of imprisonment of "not more than 8 years." *Id*. Finally, an individual who "uses a deadly or dangerous weapon … or inflicts bodily injury" "in the commission of any acts described in subsection (a)" faces a term of imprisonment of "not more than 20 years." 18 U.S.C. § 111(b). Section 111 thus "establishes three separate crimes," namely, a misdemeanor "simple assault," a felony violation that involves either physical contact or the intent to commit another felony, or an aggravated violation that involves either a dangerous weapon or results in the infliction of bodily injury. *See United States v. Siler*, 734 F.3d 1290, 1296 (6th Cir. 2013).

Section 111 plainly identifies six categories of prohibited conduct, covering anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes" with a federal officer engaged in official duties. 18 U.S.C. § 111(a)(1). By using commas between the verbs and the disjunctive "or," Congress made clear its intention that each category of prohibited conduct should be separate and independent of the others. *See Horne v. Flores*, 557 U.S. 433, 454 (2009). And although all six acts require the defendant to act "forcibly," *see United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002), only one is "assault." The other five prohibited acts involve behavior that threatens federal officers or obstructs their official activities but is not necessarily "assault."

Each of Section 111's three crimes points back to these six categories. Section 111(a)'s simple-assault clause points back to "the acts in violation of this section"; both alternatives identified in Section 111(a)'s felony clause (physical contact or felonious intent) point back to "such acts"; and Section 111(b)'s "enhanced penalty" provision points back to "any acts described in subsection (a)." 18 U.S.C. § 111. Because each clause references all six prohibited acts, each necessarily punishes that full range of obstructive conduct—not assaults alone.

If assault were an essential element of Section 111(a)'s misdemeanor clause, the

2

"remaining five verbs [would be] superfluous." *United States v. Stands Alone*, 11 F.4th 532, 535; *see generally United Mine Workers of Am. 1974 Pension Plan v. Energy W. Mining Co.*, 39 F.4th 730, 738 (D.C. Cir. 2022) ("It is our duty to give effect, if possible, to every clause and word of a statute.") (citation omitted).

The D.C. Circuit's decision in *Arrington*, 309 F.3d at 40, is instructive on Section 111(a)'s sweep. There, the court explained that "a defendant does not violate the statute unless he *forcibly* assaults or *forcibly* resists or *forcibly* opposes, etc." *Id*. at 44. *Arrington*'s emphasis on Section 111(a)'s disjunctive formulation supports the view that the statute punishes a broad range of conduct beyond assaults. Similarly, if assault were the only way Section 111(a) could be violated, one would not expect the title of the statute to include "resisting" and "impeding" as well as "assaulting." *See* 18 U.S.C. § 111.

The history and design of Section 111 confirm its application to non-assaultive conduct. The statute's predecessor made it an offense to "forcibly resist, oppose, impede, intimidate, or interfere with any" designated federal official "while engaged in the performance of his official duties, or [to] assault him on account of the performance of his official duties." Act of May 18, 1934, ch. 299, § 2, 48 Stat. 781 (18 U.S.C. 254 (1940)). That provision, which contained the same six offense-conduct verbs as the current version, was designed to "insur[e] the integrity of law enforcement pursuits." *United States v. Feola*, 420 U.S. 671, 682 (1975). As the Supreme Court recognized, the provision clearly "outlawed more than assaults." *Id*. at 682 n.17; *see Ladner v. United States*, 358 U.S. 169, 176 (1958) (explaining that the prior statute "ma[de] it unlawful not only to assault federal officers engaged on official duty but also forcibly to resist, oppose, impede, intimidate or interfere with such officers," noting that "[c]learly one may resist, oppose, or impede the officers or interfere with the performance of their duties without placing them in personal

3

danger"). In *Ladner v. United States*, for example, the Court stated that "the locking of the door of a building to prevent the entry of officers intending to arrest a person within would be an act of hindrance denounced by the statute." 358 U.S. at 176. The Court noted that in 1948, Congress reordered the statute by placing the word "assaults" in front of the five other verbs. Act of June 25, 1948, ch. 645, 62 Stat. 688 ("Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes"); *see Ladner*, 358 U.S. at 176 n.4. That "change in wording," however, "was not intended to be a substantive one." *Ladner*, 358 U.S. at 176 n.4 (discussing Reviser's Notes). And courts therefore properly continued to uphold convictions for non-assaultive conduct under Section 111. *See United States v. Johnson*, 462 F.2d 423, 425, 429 (3d Cir. 1972) (upholding conviction for "willfully resisting, opposing, impeding and interfering with federal officers," despite jury's conclusion that defendant did not commit "assault").

Before 1994, Section 111 had a two-tier punishment structure: it punished a defendant who forcibly committed actions described by any of the six verbs with up to three years of imprisonment; but where "any such acts" involved a deadly or dangerous weapon, the maximum sentence was ten years. 62 Stat. 688. In 1994, Congress amended the penalty structure of Section 111 to its current tripartite structure by carving out less-severe forms of the offense into their own category. It introduced the phrase "simple assault" to encompass misdemeanor violations, punishable by no more than a year in prison; "all other cases" would remain punishable by up to three years; and offenses involving a dangerous or deadly weapon would remain punishable by up to ten years, as would any act that "inflicts bodily injury." Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 320101(a), 108 Stat. 2108; *see* Federal Judiciary Protection Act of 2002, Pub. L. No. 107-273, Div. C, Tit. I, § 11008(b), 116 Stat. 1818 (increasing second- and third-tier penalties). In so doing, however, Congress gave no indication that it intended

4

to cut back on the statute's substantive reach by eliminating non-assaultive conduct from the statute's scope.

Congress's 2008 amendment of the statute specifically limited the second tier to cases involving physical contact or felonious intent by striking the phrase "in all other cases" from Section 111(a) and inserting "where such acts involve physical contact with the victim of that assault or the intent to commit another felony." Court Security Improvement Act of 2007, Pub. L. No. 110-177, § 208(b), 121 Stat. 2538. In doing so, Congress necessarily understood the language of the first-tier misdemeanor provision to encompass non-assaultive conduct—like resisting arrest—that does not involve physical contact or felonious intent. Otherwise, such conduct would not be covered by the statute at all, "rip[ping] a big hole in the statutory scheme" and "leav[ing] those officials without protection for the carrying out of federal functions." *Briley*, 770 F.3d at 274; *see United States v. Williams*, 602 F.3d 313, 317 (5th Cir. 2010) ("The recent change in the statutory language … also supports the conclusion that § 111(a)(1) prohibits more than assault, simple or otherwise.").

Thus, for almost a century, Congress has protected federal officials in the performance of their duties by criminalizing six categories of forcibly obstructive conduct. Although over time it has altered the punishment according to the severity of the defendant's behavior—eventually settling on the current three-tier punishment structure—at no point has Congress altered the six basic categories of forcible conduct covered by the statute. Section 111(a) therefore continues to apply to any defendant who forcibly "resists, opposes, impedes, intimidates, or interferes with" a federal officer, whether or not his conduct also constitutes assault. 18 U.S.C. § 111(a); *see Ladner*, 358 U.S. at 176 n.4.

Four circuits which have addressed this issue have found that assault is not an essential

element of all offenses under 18 U.S.C. § 111. Two circuits – the Ninth and Tenth Circuits -- disagree. The Sixth Circuit, even before the 2008 amendment, recognized that common-law assault is not invariably an element of a Section 111 offense. *See United States v. Gagnon*, 553 F.3d 1021, 1024-1027 (6th Cir. 2009). Since the 2008 amendment, three other courts of appeals have addressed the interpretation of Section 111(a). In *United States v. Williams*, the Fifth Circuit recognized that "a misdemeanor conviction under § 111(a)(1) does not require underlying assaultive conduct," explaining that this reading "avoided rendering superfluous the other five forms of conduct [besides assault] proscribed by § 111(a)(1)." 602 F.3d at 317-18. In *United States v. Briley*, the Fourth Circuit likewise rejected the contention that "assault is a required element" for either a misdemeanor or felony conviction under Section 111(a)(1). 770 F.3d at 273-74 (noting that defendant's contrary reading "renders a slew of verbs in § 111(a) largely surplusage" and "wanders too far from congressional intent"). And most recently, in *United States v. Stands Alone*, the Seventh Circuit held that "assault is not an essential element of every § 111 offense." 11 F.4th at 536.

As to the two circuits that disagree, the Ninth Circuit's finding has been abrogated by Congress's revision of the statute in 2008. In *United States v. Chapman*, 528 F.3d 1215 (9th Cir. 2008), the Ninth Circuit considered the prior version of the statute that treated "simple assault" as a misdemeanor and "all other cases" as felonies. *Id*. at 1218 (citations omitted). In deeming the provision to require the defendant to have committed "some form of assault," *id*. at 1221, the court explicitly considered but rejected a distinction based on the presence of physical contact. "If Congress had intended to prohibit both assaultive and non-assaultive conduct and intended to distinguish between misdemeanors and felonies based solely on physical contact," the court stated, "it easily could have said so." *Id.* Congress now has spoken. As discussed, in 2008, Congress

replaced the second punishment tier's "all other cases" language with language specifying that it applies "where such acts involve physical contact … or the intent to commit another felony." In so doing, Congress abrogated the reasoning in *Chapman*. *See Williams*, 602 F.3d at 317 ("Congress addressed the ambiguity identified by the Ninth Circuit by explicitly drawing the misdemeanor/felony line at physical contact.").[1]

Only the Tenth Circuit has reached a contrary conclusion. In *United States v. Wolfname*, 835 F.3d 1214 (10th Cir. 2016), the court viewed a published circuit decision regarding the pre-2008 statute as compelling the conclusion that "assault is necessarily an element of any § 111(a)(1) conviction," *id*. at 1218, including a conviction under Section 111(a)'s felony clause, *id*. at 1219. The reasoning in *Wolfname*, however, is spare and unpersuasive.

Looking to this district, in *United States v. Riley Williams*, 21-cr-618-ABJ, Judge Berman Jackson instructed a jury that it could find the defendant guilty of violating Section 111(a) if "the defendant resisted, opposed, intimidated, or interfered" with a federal officer, with no reference to assault. *Williams*, No. 21-cr-618, ECF. No. 122, at 32.

## II.     The Government's Disagreement with the Reasoning in *United States v. Cua*

The Court has indicated that it is prepared to rely on *United States v. Cua*, 657 F.Supp.3d 106 (D.D.C. 2023), to require that the jury be instructed on a definition for simple assault. In *Cua*, Judge Moss divided Section 111(a) into "three categories of violations: (1) acts in violation of the statute that 'constitute only simple assault' (the 'simple-assault provision'); (2) acts in violation of

---

[1] Since the 2008 amendments, the Ninth Circuit has addressed Section 111(a)'s revised language only in dicta, *see United States v. Rivera-Alonzo*, 584 F.3d 829, 833 n.2 (9th Cir. 2009), and the proper interpretation of the current version of Section 111(a) presumably remains open in that court.

the statute the 'involve physical contact with the victim of that assault' (the 'physical-contact provision'); and (3) acts in violation of the statute that 'involve . . . the intent to commit another felony' (the 'other-felony provision')." *Id.* At 113. Judge Moss held "that the first two provisions require an assault," while the third does not. *Id.* at 113-116

The government disagrees with Judge Moss's interpretation of Section 111(a) and agrees with the many circuits that have held that "assault is not an essential element of every § 111 offense." *United States v. Stands Alone*, 11 F.4th 532, 535 (7th Cir. 2021); *see also United States v. Briley*, 770 F.3d 267, 273-75 (4th Cir. 2014); *United States v. Williams*, 602 F.3d 313, 315-18 (5th Cir. 2010); *United States v. Gagnon*, 553 F.3d 1021, 1024-27 (6th Cir. 2009). As those circuits have concluded, reading Section 111(a) to require proof of an assault in all cases violates several principles of statutory interpretation.

First, "requiring assault as an essential element of *every* § 111 offense would render the remaining five verbs superfluous." *Stands Alone*, 11 F.4th at 535; *Briley*, 770 F.3d at 274 ("Briley's reading would render five of those six words -- all but 'assault' -- inoperative with respect to both the misdemeanor and the 'physical contact' felony."); *Williams*, 602 F.3d at 317 ("interpreting § 111(a)(1) as requiring an underlying assault for a defendant to be convicted would render meaningless the five forms of non-assaultive conduct that are plainly proscribed by the statute."); *Gagnon*, 553 F.3d at 1026 ("the fatal problem with this reading is that it makes a great deal of what § 111 does say entirely meaningless").

Second, Judge Moss's approach "wanders too far from congressional intent" and "rips a big hole in the statutory scheme. Although his reading largely preserves the protections for the physical safety of federal officials, it leaves those officials without protection for the carrying out of federal functions. It misses the crucial point that § 111 safeguards not only physical safety, but

8

also functional integrity." *Briley*, 770 F.3d at 274 (citing *United States v. Feola*, 420 U.S. 671, 678-79 (1975)); *see Williams*, 602 F.3d at 317 (explaining that the government's "approach is more consonant with the dual purpose of the statute, which, the Supreme Court has noted, is not simply to protect federal officers by punishing assault, but also to 'deter interference with federal law enforcement activities' and ensure the integrity of federal operations by punishing obstruction and other forms of resistance") (quoting *Feola*, 420 U.S. at 678); *Gagnon*, 553 F.3d at 1026 ("Congress's drafting makes clear that § 111's purpose is to protect federal officers and certain employees from a broader range of harmful conduct than just common-law assault. If Congress meant only assault it could have said only assault[.]").

Third, Judge Moss's approach "produces an absurd result. His reading would allow an individual to commit an array of forcible acts against federal officials performing government functions without criminal consequence. That person could use force to resist federal officials, to oppose them, to impede them, to intimidate them, and to interfere with them -- and yet escape the reach of § 111." *Briley*, 770 F.3d at 274; *see Stands Alone*, 11 F.4th at 536 ("We agree with this point.").

## III. The Parties' Joint Proposed Jury Instruction for Simple Assault

If the Court determines that simple assault is a necessary element for a misdemeanor offense under 18 U.S.C. § 111(a), the parties jointly propose the following instruction:

**To find that the Defendant forcibly resisted, impeded, or interfered with a federal officer while engaged in the performance of official duties, you must find that the acts constituted a simple assault.**

**The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A use of force alone is not sufficient to constitute an assault unless the defendant intended to inflict or threaten injury with that force. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[2]**

a. Points of Authority

In the Pretrial Conference on October 1, 2025, the Court proposed a simple assault definition as stated in *United States v. Cua*, 657 F.Supp.3d 106, 113 (D.D.C. 2023); *see, e.g.*, *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted).

The requisite "injury" that need be attempted or threatened need be nothing more than an offensive touch. *See United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the common-law crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility").

---

[2] *United States v. Warnagiris*, 21-cr-382, ECF 166

Because proof of a battery establishes an assault (which is an attempted battery),[3] the "injury" that must be attempted or intended for purposes of common-law assault is necessarily the same "injury" that would establish a common-law battery: "even the slightest offensive touching." *Johnson v. United States*, 559 U.S. 133, 139 (2010). English and early American judicial decisions reflect this understanding. In an early Texas case, the defendant lost his wallet and accused Martin of taking it; the defendant committed an assault and battery by "putting his hands on Martin's pocket to see if the pocketbook was there," because "[t]he act of laying hands on the person of the party assailed, under the circumstances, was sufficient to constitute a common assault and battery." *Johnson v. State*, 17 Tex. 515, 517 (1856). Similarly, courts sustained charges of assault and battery in cases involving spitting, *Reg. v. Cotesworth*, 6 Mod. Rep. 172, 87 Eng. Rep. 928 (K.B. 1705); laying an open hand on the victim's chest while stating, "I once thought we were friends," *State v. Baker*, 65 N.C. 332 (1871); placing "the arm, though tenderly, about the neck of another man's wife, against her will," *Goodrum v. State*, 60 Ga. 509 (1878); touching a woman upon the chin without her consent, *Clerget v. State*, 83 Ark. 227 (1907); taking hold of a married woman's wrist and asking for a kiss, *Moreland v. State*, 125 Ark. 24 (1916); and placing a hand upon the shoulder of a woman against her will, *Lynch v. Commonwealth*, 109 S.E. 427 (Va. 1921).

Other early American cases likewise illustrate that no injury need be intended to commit a common-law assault. For example, in *Hill v. State*, 63 Ga. 578 (1879), the victim did not want to join in the schoolyard game, and the defendant threw rocks at him "in sport, without ill-will or

---

[3] *See generally Ljutica v. Holder*, 588 F.3d 119, 125 (2d Cir. 2009) ("Because an attempt to commit a substantive crime is a lesser included offense of that substantive crime . . . the facts that support a conviction for the completed crime also support a conviction for attempt."); *United States v. York*, 578 F.2d 1036, 1040 (5th Cir. 1978) ("[t]he attempt is an offense included in the completed crime"); 2 Wayne R. LaFave, Substantive Criminal Law § 11.5(c) (3d ed. Oct. 2022) ("many recent cases have held that a defendant may be convicted of the attempt even if the completed crime is proved").

11

anger, and with no intention to hit." *Id.* at 580. Despite the defendant's lack of intent to injure his schoolmate, the court affirmed the simple-assault conviction. "For boys to throw at one another stones of a size and weight to lacerate lips and break teeth, is not innocent play, but wild and wanton mischief"'; the defendant "must answer for the consequences of [his] reckless conduct." *Id.* at 581-82 Similarly, the court upheld a simple-assault conviction in *Commonwealth v. Stratton*, 114 Mass. 303 (1873), where the defendant secretly placed "love powders" inside figs to be eaten by the victim. Although the defendant "believed it was not deleterious to health," he also "knew it was not ordinary food" and placed the powder in the figs "to try the effect of it" on the victim. *Id.* at 305. And in *Smith v. Commonwealth*, 100 Pa. 324 (1882), the court affirmed a conviction for aggravated assault and battery where the defendant shot discharged a pistol in a train car "to make a frolic," and shot downward and without any intent to strike another person. *Id.* at 325-26, 329.

The fact that common-law assault does not require a defendant to attempt to inflict a more severe injury than is necessary to establish a common-law battery is also apparent from cases construing both § 111 and similar federal assault statutes. For example, in *United States v. Frizzi*, the First Circuit affirmed a defendant's conviction under § 111 for spitting in a mail carrier's face. 491 F.2d 1231, 1232 (1st Cir. 1974). The Court held "that spitting in the face" is a "forcible assault, or, more exactly, a battery falling within the statutory description 'forcibly assaults, resists, opposes, impedes, intimidates or interferes.' Although minor, it is an application of force to the body of the victim, a bodily contact intentionally highly offensive." *Id.* The Second Circuit noted that, when a defendant "lifted his hand menacingly, as though to shove Lightcap, and did in fact shove him," "both acts [were] sufficient to constitute a crime under section 111." *United States v. Alsondo*, 486 F.2d 1339, 1345 (2d Cir. 1973); *see also United States v. Byrd*, 208 F.3d 592, 596 (7th Cir. 2000) ("But even if the shackles prevented Byrd from actually striking the officers, his

12

threatening 'display of physical aggression' toward them was sufficient to constitute an assault under 18 U.S.C. sec. 111."); *Lucas v. United States*, 443 F. Supp. 539, 544 (D.D.C. 1977) (recognizing that § 111 "includes the lifting of a menacing hand toward the officer, or shoving him"). And the Eleventh Circuit has held that § 111 "may be violated . . . by minimal physical contact . . . or even without the presence of any physical contact[.]" *United States v. Hernandez*, 921 F.2d 1569, 1577 (11th Cir. 1991) (citing cases).

Cases construing 18 U.S.C. § 113(a)(5) reach the same result. That statute criminalizes "simple assault" within the special maritime and territorial jurisdiction of the United States. Courts have interpreted § 113(a)(5) to incorporate the common-law meaning of assault. *See, e.g.*, *Delis*, 558 F.3d at 180; *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982). When looking to that common-law meaning, courts have consistently held that an intentional, offensive touching constitutes an assault under § 113(a)(5). *See Delis*, 558 F.3d at 184 ("conviction under § 113(a)(5) for conduct constituting common-law battery does not require any finding of specific intent to injure"). As the Ninth Circuit explained, "[t]he cases determining the scope of § 113(a)(5) are consistent with Blackstone's description of battery. Even a seemingly slight, but intentional, offensive touching can suffice for a battery. . . . As these cases demonstrate, noninjurious but intentional, offensive contact (even if relatively minor) satisfies the requirement for simple assault under the battery theory." *Lewellyn*, 481 F.3d at 698. Thus, "[a] defendant violates § 113(a)(5) by deliberately touching another individual in a patently offensive manner without justification or excuse." *United States v. Hedberg*, 98 F. App'x 498, 499 (6th Cir. 2004); *see also United States v. Whitefeather*, 275 F.3d 741, 742-43 (8th Cir. 2002) (holding that the district court did not err "by instructing the jury that simple assault [under § 113(a)(5)] is 'Any intentional or knowing harmful or offensive bodily touching or contact, however slight, without justification or excuse, with

13

another's person, regardless of whether physical harm is intended or inflicted'"); *United States v. Bayes*, 210 F.3d 64, 69 (1st Cir. 2000) ("[T]he common law provided that an assault committed by way of a battery did not require an intent to cause or to threaten an injury as long as the defendant touched another in a deliberately offensive manner without a valid reason to do so. . . .[I]n a prosecution for simple assault under § 113(a)(5), it is sufficient to show that the defendant deliberately touched another in a patently offensive manner without justification or excuse."); *United States v. Williams*, 197 F.3d 1091, 1096 (11th Cir. 1999) ("The slightest willful offensive touching of another constitutes a battery at common law, regardless of whether the defendant harbors an intent to do physical harm. . . . [T]he view that common law battery (and, thus, § 113(a)(5) assault) does not contain an intent to harm element is borne out by § 113 itself."); *Guilbert*, 692 F.2d at 1343 ("were the assault is of the first type, *i.e.*, an attempted battery, the victim need not have experienced reasonable apprehension of immediate bodily harm").

As Judge Posner explained when discussing the difference between common-law assault and common-law battery, it is error to define common-law assault (under § 113) "as requiring an intent to threaten, or <u>attempt</u>, to do bodily harm." *United States v. Watts*, 798 F.3d 650, 653-54 (7th Cir. 2015) (emphasis added). This is because "an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim." *Id.* at 654. In other words, the "injury" that must be attempted or threatened for purposes of common-law assault is merely "offensive . . . physical contact with the victim."[4]

---

[4] The Seventh Circuit has reached the same conclusion in a prosecution brought for assaulting a member of Congress under 18 U.S.C. § 351. There, the court explained: "Defendant further challenges the instruction for not requiring proof of an intent to injure. The instruction did, of course, require the government to prove that defendant willfully caused, by spitting, an offensive touching. We think this is an adequate statement." *United States v. Masel*, 563 F.2d 322, 324 (7th Cir. 1977). And, when interpreting the Sentencing Guidelines, a judge on the Sixth Circuit has

State courts addressing common-law assault also recognize that offensive touching constitutes an "injury" for purposes of that crime. For example, the District of Columbia assault statute applies to "[w]hoever unlawfully assaults, or threatens another in a menacing manner[.]" D.C. Code § 22-404(a)(1). This statute was enacted in 1901, and the D.C. Court of Appeals has "long construed it to prohibit common law assault." *Perez Hernandez v. United States*, 286 A.3d 990, 996 (D.C. 2022). Consistent with the common law, the D.C. Court of Appeals has held that "a nonviolent offensive touching . . . also constitutes an assault." *Id.* at 998. The crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching[.]" *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc).

Consistent with those cases, the District's model jury instructions state that "[i]njury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility." Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.). And the D.C. Circuit has interpreted the District's assault statute to apply when a defendant tells a child to hold his private parts: "[T]hreat or danger of physical suffering or injury in the ordinary sense is not necessary. The injury suffered by the innocent victim may be the fear, shame, humiliation, and mental anguish caused by the assault." *Beausoliel v. United States*, 107 F.2d 292, 296-97 (D.C. Cir. 1939).[5]

---

noted that "offensive touching alone counts as battery, and thus assault[.]" *United States v. Pruitt*, 999 F.3d 1017, 1030 (6th Cir. 2021) (Nalbandian, J., concurring).

[5] *See also Ray v. United States*, 575 A.2d 1196, 1198-99 (D.C. 1990) ("[A]n assault conviction will be upheld when the assaultive act is merely offensive, even though it causes or threatens no actual physical harm to the victim."); *Harris v. United States*, 201 A.2d 532, 534 (D.C. 1964) ("Nevertheless, 'violence' in its ordinary meaning is not a necessary element of assault, for an attempt to do unlawfully to another any bodily injury however small constitutes an assault. . . . Thus, the jostling of Meier, the fumbling with his trouser cuffs, and the impact at the area of his

15

In *Hill v. State*, the Texas Court of Criminal Appeals held that the trial court did not err when, in a prosecution for aggravated assault, it instructed the jury that "[t]he injury intended may be either bodily pain, constraint, a sense of shame, or other disagreeable emotion of the mind." 38 S.W. 997, 988 (Tex. Crim. App. 1897). It was sufficient that the defendant's "acts were calculated to produce a sense of shame or other disagreeable emotion[.]" *Id.* The Michigan Supreme Court has explained that, for common-law assault, "[t]here thus must be either an intent to injure/touch offensively *or* an intent to threaten." *People v. Johnson*, 284 N.W.2d 718, 738 (Mich. 1979). In discussing South Carolina's Criminal Domestic Violence statute, the Fourth Circuit noted that "common-law assault can be based on the threat of a rude or offensive touching[.]" *United States v. Drummond*, 925 F.3d 681, 695 (4th Cir. 2019). The Fourth Circuit has also explained that there is "precedent from Maryland's highest court stating that the degree of force required as an element of [common-law assault] is 'offensive physical contact.'" *United States v. Proctor*, 28 F.4th 538, 552 (4th Cir. 2022) (alteration in *Proctor*); *see* Maryland Pattern Criminal Jury Instructions No. 4:01 (defining assault as "intentionally frightening another person with the threat of immediate [offensive physical contact]" or an "attempt to cause [offensive physical contact]"). And, under Massachusetts law, "a conviction for assault"—the elements of which "are determined by the common law"—"does not require 'a threat or attempt to cause physical harm;' attempted or threatened 'touching, if merely offensive, is sufficient.'" *Beezer v. United States*, 360 F. Supp. 3d 1, 11 (D. Mass. 2019) (quoting *United States v. Martinez*, 762 F.3d 127, 137 (1st Cir. 2014)).

---

hip pocket constituted sufficient evidence to send the case to the jury on the question of assault.").

Consistent with myriad cases spanning decades that address the common-law definition of assault in many different contexts decided by numerous different courts, this Court should conclude that any offensive touching constitutes an "injury" for purposes of common-law assault.

## CONCLUSION

Based on the foregoing, the Government submits that simple assault is not an essential element under 18 U.S.C. § 111(a). However, if the Court requires that the jury be instructed on this element, the Government proposes the above-stated instruction.

Respectfully Submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:  /s/ Travis Wolf
Travis Wolf
Jason Facci
Assistant United States Attorneys
N.Y. Bar No. 5483243 (Wolf)
D.C. Bar No. 1027158 (Facci)
601 D St, NW
Washington, D.C. 20530
Travis.Wolf@usdoj.gov
Jason.Facci@usdoj.gov
(202) 252-7803 (Wolf)
(202) 252-7742 (Facci)