UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 25-CR-244 (SLS) |
| | : | |
| SYDNEY LORI REID, | : | |
| | : | |
| Defendant. | : | |

PARTIES' PROPOSED JURY INSTRUCTIONS

Proposed Instruction # 23
RESISTING, IMPEDING, AND INTERFERING WITH CERTAIN OFFICERS, in violation of 18 U.S.C. § 111

The defendant is charged with Resisting, Impeding and Interfering Certain Officers.

Elements of the Offense[1]

The defendant is charged with forcibly resisting, impeding, or interfering with officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

In order to find Ms. Reid guilty of the crime charged, the government must prove that on or about July 22, 2025, the following elements beyond a reasonable doubt:

> *First*, that the Officer Victor Liang and/or Agent Eugenia Bates was a federal officer, as I will define that term for you;

---

[1] The basis for this instruction proposed by the defense is Sand *et al.*, Modern Federal Jury Instructions – Criminal, Instruction No. 14-2.

*Second*, that at the time, the Ms. Reid forcibly assaulted Officer Liang and/or Agent Bates;

*Third*, that, at the time, Officer Liang and/or Agent Bates were engaged in the performance of their official duties; and

*Fourth*, that Ms. Reid acted knowingly and willfully.[2]

**Definitions**

The defendant acted "forcibly" if she used force, attempted to use force, or threatened to use force against the law enforcement officers. All of the acts – resisting, impeding, and interfering

---

[2] The Government objects to this instruction. "Knowingly and Willfully" is not an accurate statement of the mens rea for this offense. The D.C. Circuit has found that 18 U.S. § 111(a) is a general intent offense. United States v. Kleinbart, 27 F.3d 586, 592 (D.C. Cir. 1994) (forcible armed assault on a federal officer is a general intent crime). In Kleinbart, the trial court gave the following instruction:

> The offense of assault on a Federal officer is one which requires what the law calls general intent. To show general intent, the Government must prove beyond a reasonable doubt that the defendant knowingly, consciously, and voluntarily committed an act which the law makes a crime. An act is done knowingly if done voluntarily and purposely, and not because of mistake, inadvertence or accident. This general intent may be inferred from the doing of the act.

Four other circuits agree with this interpretation. United States v. Kimes 246 F.3d 800 (6th Cir. 2001); United States v. Ricketts, 146 F.3d 492, 496 (7th Cir. 1998); United States v. Oakie, 12 F.3d 1436, 1443 (8th Cir. 1993); United States v. Jim, 865 F.2d 211, 213 (9th Cir. 1989)\

Consistent with Kleinbart, the Government proposes the following instruction:

> The offense of forcibly resisting, opposing, or interfering with a Federal officer is one which requires what the law calls general intent. To show general intent, the Government must prove beyond a reasonable doubt that the defendant knowingly, consciously, and voluntarily committed an act which the law makes a crime. An act is done knowingly if done voluntarily and purposely, and not because of mistake, inadvertence or accident. This general intent may be inferred from the doing of the act.

with – are modified by the word "forcibly." Thus, before you can find the defendant guilty, you must find, beyond a reasonable doubt, that she acted forcibly.

The term "forcibly" means by use of force. Physical force is sufficient, but actual physical contact is not required. A person acts forcibly if she threatens or attempts to inflict bodily harm upon another, with the present ability to inflict bodily harm.[3] Therefore, a threat to use force at some unspecified time in the future does not satisfy the forcibly element. A person does not act forcibly if she passively resists during the interaction.[4]

The terms "resisted," "impeded," and "interfered with" carry their everyday, ordinary meanings.

The phrase "engaged in or on account of the performance of their official duties" means activity within the general scope of what that official was employed to do or was expected to do. Although it is not necessary for the government to prove that the officer or employee was explicitly authorized to do what he or she was doing at the time of the alleged conduct, the government must prove beyond a reasonable doubt that his or her actions at the time that he or she was forcibly resisted, impeded, or interfered with were closely related to those "official duties."

---

[3] 2 Fed. Jury Prac. & Instr. § 24:08 (6th ed.).

[4] The defense proposes this inclusion to the instruction based on the conclusions in *United States v. Davis*, 690 F.3d 127, 137 (2d Cir. 2012), *United States v. Warnagiris*, 699 F. Supp. 3d 31, 49 (D.D.C. 2023), *United States v. Cua*, 657 F. Supp. 3d 106, 113 (D.D.C. 2023). The Government objects to the instruction relating to the threat to use force because the Government does not allege the Defendant issued any verbal threat of force. This instruction is therefore not relevant to the charged offenses, and would serve to only confuse the jury. The Government further objects to the instruction regarding passive resistance. The phrase is vague, lacking in further definition in the instructions. Moreover, passive resistance is not suggested as a definition or instruction in any D.C. Circuit guide for the offense of 18 U.S.C. § 111(a). The sole authority cited by the Defense is to a case in the Second Circuit. There is no indication in that Circuit that juries are given this instruction for this offense.

It is not necessary to show that the defendant knew the person being forcibly resisted, impeded, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly resisted, impeded, or interfered with that officer.

Sources: 2 Fed. Jury Prac. & Instr. § 24:03 (6th ed.), 2 Fed. Jury Prac. & Instr. §§ 24:03, 24:04, 24:08, 24:09, 24:10; 8th Circuit Model Jury Instructions, Criminal Cases, Instruction No. 6.18.111 (2023); *United States v. Street*, 66 F.3d 969, 977 (8th Cir. 1995)

"Assault" is any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A use of force alone is not sufficient to constitute an assault unless the defendant intended to inflict or threaten injury with that force.

"Injury" means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Tezira Abe
Eugene Ohm
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500


JEANINE PIRRO
UNITED STATES ATTORNEY

        /s/
_____
Travis Wolf
Jason Facci
Assistant United States Attorneys
601 D Street NW
Washington D.C. 20053