UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :

v.             :        25-CR-244-SLS

SIDNEY LORI REID        :

## RESPONSE TO GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE

Ms. Sidney Reid, through undersigned counsel, respectfully files this response to the government's supplemental motion in limine, ECF 40.

## BACKGROUND

On July 22, 2025, FBI Agent Eugenia Bates, Enforcement and Removal Operations Officers Dinko Residovic and Vincent Liang were awaiting the release of two noncitizens from the D.C. Jail to take them into Immigration and Customs Enforcement (ICE) custody. Ms. Reid, who was nearby, witnessed this arrest and began recording the agents. While Ms. Reid was recording, Officer Liang pushed Ms. Reid against a concrete wall and began restraining her. Shortly thereafter, Agent Bates approached and assisted Officer Liang effectuate the arrest of Ms. Reid. During this arrest, Agent Bates scratched the back of her hand on the wall.

On July 23, 2025, the government charged Ms. Reid with felony assaulting, resisting, and impeding a federal law enforcement officer, in violation of 18 U.S.C. § 111(a)(1). On August 25, 2025, the government filed a one-count misdemeanor information alleging Ms. Reid forcibly resisted, impeded, and interfered Agent Bates and Officer Liang while they were performing their official duties on July 22, 2025.

## ARGUMENT

In its supplemental motion, the government argues that it should be permitted to introduce two statements: Officer Residovic's question about which arrestee another agent said "was going

1

to fight" and that agent's affirmation. ECF 40 at 3. The defense has no objection to the limited

admission of those statement at this time. The defense, however, maintains its objection to further

inquiry or the eliciting of testimony about the status of the arrestees as alleged gang members or

being wanted for questioning about a homicide.

The government also maintains its request that the Court instruct the jury the following

way regarding how "federal officer" and "official duties" are defined:

1. You are further instructed that Officer Vincent Liang is a federal officer and that it was part of the official duty of such officer to lodge detainers against individuals who have entered or remained in the United States illegally, and to take custody of said individuals on those detainers.

2. You are instructed that Special Agent Eugenia Bates is a federal officer and that it was a part of the official duty of such officer to assist federal officers on July 22, 2025, to take custody of two individuals who were alleged to have entered or remained in the United States illegally.

ECF 40 at 4–5.

Ms. Reid likewise maintains her objection to the government's proposed jury instruction.

Whether Agent Bates and Officer Liang were engaged in the performance of their official duties

is an element of the offense and a question for the jury.

As the government concedes, the cases on which it relies out of this District were not

objected to by the defendants in those respective cases. *See* ECF 40 at 5 nn. 3 & 4. In addition, the

government's assertion that its proposed instruction complies with pattern instructions from the

Fifth, Tenth, and Eleventh Circuits is misleading. The pattern instructions in those circuits do not

instruct juries that the alleged complainant is a federal officer who was performing their official

duties. Instead, those instructions generally define the respective officer's role and duty. *See* Fifth

Circuit Pattern Jury Instructions (Criminal Cases), 2024 Edition, ("You are instructed that

_____ (*list of federal official, e.g., Special Agent of the Federal Bureau of Investigation*) is

a federal officer, and that it is a part of the official duty of such an officer to _____ (*list*

*official duty being performed, e.g., execute arrest warrants issued by a judge or magistrate of this court*).""), Tenth Circuit Criminal Pattern Jury Instructions, Pub. Feb. 7, 2025 ("You are instructed that a [name agent] is a federal officer, and that it is a part of the official duty of such an officer to [name duty performed, e.g., execute arrest warrants issued by a judge or magistrate of this court]."), Eleventh Circuit Criminal Pattern Jury Instructions, Pub. Apr. 15, 2024 ("[A [name of agent type, e.g., Special Agent or I.R.S. Agent] of the [name of agency], is a Federal officer and has the official duty to [describe function at issue in case].]").

There would be no inconsistency between declining to give an instruction that follows the formula given in *United States v. Webster*, 21-CR-208-APM or *United States v. Jenson*, 21-CR-6-TJK. Instead, the instructions given in those cases are akin to when the defense agrees to stipulate to an element of an offense. But where, as here, Ms. Reid is not conceding that the complainants were engaged in the performance of their official duties, the government's proposed instruction is inappropriate. The defense, therefore, proposes the following instructions with respect to the complainants:

> You are instructed that an officer within the Enforcement and Removal Operations Division of Immigration and Customs Enforcement is a federal officer, and it is part of the official duty of such officer to identify, arrest, detain, and remove noncitizens who are considered unlawfully present in the United States.[1]

> You are instructed that an agent of the Federal Bureau of Investigation is a federal officer and that it is part of the official duty of such officer to assist Immigration and Customs Enforcement in arrests of noncitizens who are considered unlawfully present in the United States.

---

[1] The defense pulls this language from the official ICE ERO website. *See* U.S. Immigration and Customs Enforcement, About Enforcement and Removal Operations, https://www.ice.gov/about-ice/ero (last visited Oct. 8, 2025).

## CONCLUSION

For the foregoing reasons, and for any other reasons this Court may determine at a hearing on the matter, Ms. Reid respectfully requests the Court reject the government's proposed instruction.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
TEZIRA ABE
EUGENE OHM
Assistant Federal Public Defenders
625 Indiana Ave. N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500