UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 25-CR-244 (SLS) |
| | : | |
| **SYDNEY LORI REID,** | : | |
| | : | |
| Defendant. | : | |

**PARTIES' PROPOSED JURY INSTRUCTION**

**Proposed Instruction # [ ]**
**SELF DEFENSE**[1]

Every person has the right to use a reasonable amount of force in self-defense if she (1) actually and reasonably believes that the use of force was necessary to defend herself against the immediate use of excessive force, and (2) uses no more force than was reasonably necessary in the circumstances.[2] The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether Ms. Reid, under the circumstances as they appeared to her at the time of the incident, actually believed that the use of force was necessary

---

[1] An instruction similar to this proposal was given in the January 6 case of *United States v. Middleton, et al.*, 21-cr-367 (RDM), ECF No. 128, at 69-70.

[2] *See United States v. Waldman*, 835 F.3d 751, 754 (7th Cir. 2016) ("While 18 U.S.C. § 111 does not explicitly address self-defense, when a statute is silent on the question of affirmative defenses, we are to effectuate the defense as 'Congress may have contemplated it,' looking to the common law as a guide. *See United States v. Dixon*, 548 U.S. 1, 13-14 (2006). At common law, self-defense is the use of force necessary to defend against the imminent use of unlawful force."); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("For purposes of Section 111, we have recognized that an individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances. . . . To do so, however, a defendant must offer evidence to show: (1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances.") (quotation marks omitted).

1

against the use of excessive force by Officer Liang and SA Bates and could reasonably hold that belief.[3]  Self-defense can provide a complete defense to the charge here.[4]

Excessive Force Defined

Excessive force is force that was unreasonable or unnecessary under the circumstances. A law enforcement officer may use a reasonable amount of force, judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The reasonableness of a particular use of force depends on the circumstances of each case, including the severity of the crime at issue, whether the defendant poses an immediate threat to the safety of the officer or others, and whether she is actively resisting arrest or attempting to evade arrest by flight. A person may act in self-defense against a law enforcement officer if she actually and reasonably believes that she was in imminent danger of unlawful bodily harm from the actions of those officers.[5]

Burden of proof

If you find that Ms. Reid actually and reasonably believed that she was in imminent danger of bodily harm and that Ms. Reid had reasonable grounds for that belief, then Ms. Reid has a right

---

[3] 1 Criminal Jury Instructions for DC Instruction 9.500 (2025); *United States v. Celentano*, 126 F.4th 680, 687 (D.C. Cir. 2025) (finding instruction was erroneous because it did not require the jury to consider the use of force from the defendant's perspective).
[4] *United States v. Celentano*, 126 F.4th 680, 687 (D.C. Cir. 2025) (citing Criminal Jury Instructions for the District of Columbia)).
[5] *See United States v. Celentano*, 126 F.4th 680, 687-88 (D.C. Cir. 2025) *generally Waldman*, 835 F.3d at 755-56 (looking to Eight Amendment when defining unlawful force in a prison setting; "an inmate may act in self-defense if he reasonably fears imminent use of sadistic and malicious force by a prison official for the very purpose of causing him harm."); *Graham v. Connor*, 490 U.S. 386, 396-97 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . As in other Fourth Amendment contexts, however, the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."); *United States v. Drapeau*, 644 F.3d 646, 654 (8th Cir. 2011) ("Excessive force is force that was unreasonable or unnecessary under the circumstances, *i.e.*, greater than the amount of force that was objectively reasonable. The reasonableness of a particular use of force depends on the circumstances of each case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.") (cleaned up); *United States v. Branch*, 91 F.3d 699, 715 (5th Cir. 1996) ("There must be sufficient evidence from which a reasonable juror might infer, at a minimum, . . . [that] the ATF agents' use of force, viewed from the perspective of a reasonable officer at the scene, was objectively unreasonable under the circumstances.")

to self-defense even if Ms. Reid also had other possible motives, such as feelings of anger toward the law enforcement or a desire for revenge. A defendant's other possible motives do not defeat an otherwise valid claim of self-defense but can be considered in evaluating whether the Ms. Reid actually and reasonably believed that she was in imminent danger of bodily harm.

     Self-defense is a defense to the single count of the information.  Ms. Reid is not required to prove that s/he acted in self-defense. Where evidence of self-defense is present, the government must prove beyond a reasonable doubt that Ms. Reid did not act in self-defense. If the government has failed to do so, you must find Ms. Reid not guilty.[6]

---

[6] 1 Criminal Jury Instructions for DC Instruction 9.500 (2025)

3

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Tezira Abe
Eugene Ohm
Assistant Federal Public Defenders
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500


JEANINE PIRRO
UNITED STATES ATTORNEY

_____/s/_____
Travis Wolf
Jason Facci
Assistant United States Attorneys
601 D Street NW
Washington D.C. 20530