**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Case No. 25‑244 (SLS) |
| SYDNEY LORI REID, | Judge Sparkle L. Sooknanan |
| *Defendant.* | |

## <u>FINAL JURY INSTRUCTIONS</u>

**Instruction # 1: PRELIMINARY REMARKS**

The time has now come when all the evidence has been presented and you are about to hear closing arguments from the lawyers. We are about to enter your final duty in this case, which is to decide the issues of fact and to return a verdict. It is up to me to instruct you on the law, and I ask you to listen carefully, just as you have throughout this trial. Before we talk about the specific charges alleged here and some of the specific issues in the case, however, I want to take a few minutes to talk about some general rules of law. Some of this may repeat what I told you in my preliminary instructions.

**Instruction # 2: FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**Instruction # 3: FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction # 4: JURY'S RECOLLECTION CONTROLS:**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**Instruction # 5: NOTETAKING BY JURORS**

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

**Instruction # 6: EVIDENCE IN THE CASE**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**Instruction # 7: STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

**Instruction # 8: INFORMATION NOT EVIDENCE**

The information is merely the formal way of accusing a person of a crime. You must not consider the information as evidence of any kind—you may not consider it as any evidence of Sydney Reid's guilt or draw any inference of guilt from it.

**Instruction # 9: BURDEN OF PROOF—PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven she is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Sydney Reid to prove her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of the offense with which Sydney Reid is charged, it is your duty to find her guilty of that offense. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, it is your duty to find Sydney Reid not guilty of that offense.

**Instruction # 10: REASONABLE DOUBT**

The government has the burden of proving Sydney Reid guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## Instruction # 11: DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Instruction # 12: NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charge itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**Instruction # 13: NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**Instruction # 14: INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party they represent. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer, and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**Instruction # 15: CREDIBILITY OF WITNESSES**

In determining whether the government has proved the charges against Sydney Reid beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified. You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases. You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event. You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other

evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction # 16: POLICE OFFICER'S TESTIMONY**

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a police officer.

## Instruction # 17: RIGHT OF DEFENDANT NOT TO TESTIFY

Every defendant in a criminal case has an absolute right not to testify. Sydney Reid has chosen to exercise this right. You must not hold this decision against her, and it would be improper for you to speculate as to the reason or reasons for her decision. You must not assume the defendant is guilty because she chose not to testify.

**Instruction # 18: MOTIVE**

Motive is not an element of the offense charged, and the government is not required to prove motive in this case. You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charge beyond a reasonable doubt.

**Instruction # 19: "ON OR ABOUT"**

The information charges that the offense of "Assaulting, resisting, or impeding certain officers or employees" was committed "on or about" July 22, 2025. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**Instruction # 20: PROOF OF STATE OF MIND**

Someone's intent and/or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent and/or knowledge from the surrounding circumstances. You may consider any statement made or acts done by Sydney Reid, and all other facts and circumstances received in evidence which indicate her intent and/or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts she intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Sydney Reid acted with the necessary state of mind.

**Instruction # 21**: **ASSAULTING, RESISTING, OR IMPEDING CERTAIN OFFICERS OR EMPLOYEES, in violation of 18 U.S.C. § 111**

The defendant is charged with "Assaulting, resisting, or impeding certain officers or employees," which is a violation of federal law. At the beginning of this case, I instructed you that the defendant had been charged with violating the statute as to both Officer Liang and Agent Bates. At this point in the case, you should focus only on the allegation of criminal conduct with respect to Agent Bates. In doing so, please focus on the elements of the offense as I am about to lay them out.

<u>Elements of the Offense</u>

To find the defendant guilty of "Assaulting, resisting, or impeding certain officers or employees," you must find the following elements beyond a reasonable doubt:

*First*, Ms. Bates was an officer or employee of the United States;

*Second*, Ms. Reid forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Ms. Bates;

*Third*, that act constituted simple assault, as I will define that term for you;

*Fourth*, Ms. Reid so acted while Ms. Bates was engaged in, or on account of, her performance of official duties;

*Fifth*, Ms. Reid acted with what the law calls general intent. To show general intent, the Government must prove beyond a reasonable doubt that Ms. Reid intentionally committed an act which that law makes a crime. An act is done intentionally if done voluntarily and purposely, and not because of mistake, inadvertence, or accident. This general intent may be inferred from the doing of the act.

## Definitions

The defendant acted "forcibly" if she used force, attempted to use force, or threatened to use force against the law enforcement officers. All of the acts—resisting, impeding, and interfering with—are modified by the word "forcibly." Thus, before you can find the defendant guilty, you must find, beyond a reasonable doubt, that she acted forcibly.

The term "forcibly" means by use of force. Physical force is sufficient, but actual physical contact is not required. A person acts forcibly if she threatens or attempts to inflict bodily harm upon another, with the present ability to inflict bodily harm. Therefore, a threat to use force at some unspecified time in the future does not satisfy the forcibly element.

The terms "resisted," "impeded," and "interfered with" carry their everyday, ordinary meanings.

The term "simple assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. A use of force alone is not sufficient to constitute an assault unless the defendant intended to inflict or threaten injury with that force. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.

You are instructed that an agent of the Federal Bureau of Investigation is a federal officer and that it is part of the official duty of such officer to assist Immigration and Customs Enforcement in arrests of noncitizens who are considered unlawfully present in the United States.

"Engaged in . . . performance of official duties" is simply acting within the scope of what the agent is employed to do. The test is whether the agent is acting within that compass or is engaging in a personal frolic of his or her own.

It is not necessary to show that the defendant knew the alleged victim was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer carrying out an official duty.

## Instruction # 22: SELF DEFENSE

Every person has the right to use a reasonable amount of force in self-defense if she (1) actually and reasonably believes that the use of force was necessary to defend herself against the immediate use of excessive force, and (2) uses no more force than was reasonably necessary in the circumstances. The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether Ms. Reid, under the circumstances as they appeared to her at the time of the incident, used no more force than was reasonably necessary to defend against what Ms. Reid actually and reasonably believed to be excessive force by Officer Liang and Agent Bates. You should evaluate the reasonableness of Ms. Reid belief based on both what she knew and what she reasonably could have determined from the surrounding circumstances. Self-defense can provide a complete defense to the charge here.

### Excessive Force Defined

A law enforcement officer may use force in performing their duties, as long as the force is not excessive. An officer's use of force is excessive when, under the surrounding circumstances, the officer uses an amount or type of force that is more than reasonably necessary to effectuate a seizure, arrest, detention, or other lawful action. The reasonableness of a particular use of force depends on the circumstances of each case, including whether the defendant posed an immediate threat to the safety of the officers; the possibility that the defendant was armed, violent, or dangerous; whether the defendant was actively resisting the officer; the number of persons with whom the officer was contending at the time; the duration of the officer's action; the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period; the relationship between the need for the use

of force and the amount of force used; whether the physical force applied was likely to lead to unnecessary injury; and the extent of the defendant's injury.

<u>Burden of Proof</u>

If you find that Ms. Reid actually and reasonably believed that she was in imminent danger of bodily harm and that Ms. Reid had reasonable grounds for that belief, then Ms. Reid has a right to self-defense even if Ms. Reid also had other possible motives, such as feelings of anger toward the law enforcement or a desire for revenge. Ms. Reid's other possible motives do not defeat an otherwise valid claim of self-defense but can be considered in evaluating whether Ms. Reid actually and reasonably believed that she was in imminent danger of bodily harm.

Self-defense is a defense to the single count of the information. Ms. Reid is not required to prove that she acted in self-defense. Where evidence of self-defense is present, the government must prove beyond a reasonable doubt that Ms. Reid did not act in self-defense. If the government has failed to do so, you must find Ms. Reid not guilty.

**Instruction # 23: LATE DISCLOSURE OR NON-DISCLOSURE OF EVIDENCE**

The Court has found that the Government made late disclosures of certain video evidence and text messages to the Defendant. As a result, the Defendant did not have the opportunity to investigate that evidence and possibly present additional evidence related to that video evidence and text messages. You may consider the Government's failure to timely disclose that evidence and give it as much weight as in your judgment it deserves.

**Instruction # 24: EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS**

You have heard evidence that Agent Bates made a statement on an earlier occasion and that this statement may be inconsistent with her testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

**Instruction # 25: CHARACTER OF DEFENDANT**

Ms. Reid has introduced testimony that she has a good reputation in the community for nonviolence, and that in the witnesses' opinions, Ms. Reid is a nonviolent person. Such evidence may indicate to you that it is unlikely that a nonviolent person would commit the crime charged or it may not. You may consider this evidence along with other evidence in the case and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that Ms. Reid is guilty of the crime charged, it is your duty to find her guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

**Instruction # 26: DEFENDANT'S THEORY OF THE CASE**

It is the defendant's theory of the case that she did not assault Agent Bates because she never touched Agent Bates, never attempted to touch Agent Bates and because she involuntary reacted in response to what was happening to her. Even if you found that Ms. Reid did touch and assault Agent Bates, the government must then prove, beyond a reasonable doubt, that she did not act in self-defense to Officer Liang's assault on her. They have not. You have no information about Officer Liang's intent and why he believed that he was permitted to exert this amount and kind of force against her. Because you cannot find both that Ms. Reid assaulted Agent Bates and that she was not acting in self-defense, you must acquit.

**Instruction # 27: REDACTED EXHIBITS**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

**Instruction # 28: EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict. Also, exhibits that were shown as demonstrative exhibits in the courtroom but not admitted into evidence will not be sent to the jury room.

**Instruction # 29: SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction # 30: POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing a sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

## Instruction # 31: UNANIMITY—GENERAL

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

**Instruction # 32: VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**Instruction # 33: FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**Instruction # 34: CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION, AND RESEARCH**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my Deputy Clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Instruction # 35: COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the Deputy Clerk, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the Deputy Clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction # 36: ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction # 37: EXCUSING ALTERNATE JURORS**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats Five and Eleven.

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the Deputy Clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.